ELSIE A. HARVEY v. LAUREN H. CRANE.

*Easements—Right of way—Fences—Statutory private road.*

1. The question involved in this case is the right of the owner of a private road, laid out pursuant to How. Stat. §§ 1388–1393, to fence the right of way, when such fencing is a necessary incident to the reasonable enjoyment of such road, which right is affirmed.

2. How. Stat. §§ 1388–1393, providing for laying out private roads, contemplate not only a record of the description and laying out, but an actual opening of the road, involving the taking down of cross-fences, and excluding the presumption that the possession is to remain in the owner of the fee.

3. Under the rules laid down by the cases cited, the relative rights of the plaintiff and defendant may be stated as follows:

*a*—Plaintiff is entitled to make use of this way for any and all purposes for which a road may be used.

*b*—The defendant is under no obligation either to improve the bed of the way, or to protect its use.

*c*—Plaintiff is entitled to do any act which may be necessary to promote its beneficial use, to the extent of inclosing it.

*d*—The only limit to the servitude which plaintiff is entitled to impose upon the fee is what may be deemed necessary and essential to her enjoyment of the rights acquired.

*e*—The rights of defendant in this way are subject to plaintiff's necessities arising from the legitimate use of the road.

*f*—The necessity and reasonableness of the means made use of to adapt the road to plaintiff's use are questions of fact, to be determined by the trial court, and its findings in that regard are conclusive upon the appellate court.

4. The following general propositions are summarized from the opinion of Mr. Justice McGRATH:

*a*—The conveyance of a right of way gives to the grantee not only a right to an unobstructed passage at all times over the grantor's land, but also such rights as are incident or necessary to the enjoyment of such right of passage; citing *Maxwell v. McAtee*, 9 B. Mon. 21; *Bliss v. Greeley*, 45 N. Y. 671; *Herman v. Roberts*, 119 Id. 37.

*b*—The owner of the way, where its limits are defined, has not only the right of a free passage over the traveled part, but also to a free passage on such portions of the way as he thinks proper or necessary; citing *Herman v. Roberts, supra.*

*c*—The owner of the fee subject to the easement may rightfully use the land for any purpose not inconsistent with the rights of the owner of the easement; citing *Railway Co. v. Telford*, 14 S. W. Rep. 776; *Herman v. Roberts, supra*; Cooley, Const. Lim. 558.

*d*—The rights of the owner of the easement are paramount, to the extent of the grant, to those of the owner of the soil; citing *Herman v. Roberts, supra; Railway Co. v. Allen*, 22 Kan. 285.

*e*—The owner of the soil is under no obligation to repair the

way, as that duty belongs to the party for whose benefit it is constructed; citing *Herman v. Roberts, supra.*

*f*—What may be considered a proper and reasonable use by the owner of the fee, as distinguished from an unreasonable and improper use, as well as what may be necessary to the beneficial use and - enjoyment of the easement by the owner, are questions of fact, to be determined by the trial court or jury; citing *Bakeman v. Talbot*, 31 N. Y. 366; *Prentice v. Geiger*, 74 Id. 341; *Herman v. Roberts, supra; Railway Co. v. Allen, supra.*

Error to Washtenaw. (Kinne, J.) Argued February 27, 1891. Decided April 17, 1891.

Trespass. Defendant brings error. Affirmed. The facts are stated in the opinion.

*A. J. Sawyer,* for appellant.

*J. Willard Babbitt,* for plaintiff.

McGRATH, J. This is an action of trespass for tearing down a fence on the line of a private road. The cause was tried by the court, and comes here upon findings of fact and conclusions of law.

Defendant owned a parcel of land lying between plaintiff's land and the public highway. Plaintiff in August, 1887, applied to the highway commissioner, under the statute, to lay out a private road 24 feet wide, at one side of defendant's premises, extending from the public highway to plaintiff's land, upon which application the necessary proceedings were had, and the road was laid out and opened taking less than one-third of an acre of land, for which the jury awarded, and plaintiff paid, $75. The defendant did not signify his intention of making use of said private road, pursuant to section 1393, How. Stat. The court found that since the opening of said highway in August, 1887, the plaintiff has been accustomed to use her said land as pasturage; that dur-

ing the seasons of pasturage the plaintiff has daily driven her stock, cattle and horses, over and along said private road; that the lot of the defendant lying adjacent to this private road on the south side thereof embraces some nine acres of land, and is arable soil, used by the defendant for crops and pasturage; that, shortly after the opening of said private way, the defendant said to the plaintiff that he did not know as he, the defendant, wished for any fence on the south side of said right of way; that at some later period the defendant instructed the plaintiff that she must lead her stock when they passed along this way; that thereafter, in the summer of 1888, the plaintiff erected a post and wire fence along the south side of said way, and about one foot within the limits of the same; that said fence was sufficient to turn the said stock of cattle and horses and keep them within the way while passing through the same; that in the month of May, 1889, the defendant entered upon said way, and tore down and removed the said fence as aforesaid erected by the plaintiff, and this action is brought to recover for the alleged trespass; that the damage to said fence was two dollars; that the defendant did not consent or object to the building of the fence by the plaintiff along the said right of way; that the wires composing the said fence so built by the said plaintiff along the said way were to some extent, at one or two points, down, and on the defendant's land; that there was no evidence that defendant, Crane, interfered with plaintiff's use of the right of said road.

The court found, as a conclusion of law from the above and foregoing facts,—

"That the plaintiff has the right of way or private passage over the land of the defendant; that, as an incident thereto, she has the right to whatever may be necessary for the reasonable and proper enjoyment thereof;

that it is unreasonable, while the defendant crops or pastures his land adjacent to said right of way, to forbid or prevent the plaintiff from employing the usual and reasonable methods of protecting herself from the hazard and danger attending the driving of stock along said right of way, with the fields of the defendant inviting and uninclosed; that to withhold such right of protection from the plaintiff, and at the same time to hold her responsible for all damage which her stock may unavoidably do to the property of the defendant, is practically to destroy the value of the right which the plaintiff has purchased, or, if there be no liability except for want of due care, yet with the growing grain lying adjacent thereto, unfenced, it would be impossible to enjoy to any reasonable extent this right of way.

"The right, therefore, of the plaintiff to erect and maintain a suitable fence adapted to the object sought, and within the right of way, must be deemed an incident necessary to the reasonable enjoyment of the easement obtained; and the court finds, as a conclusion of law, that the plaintiff is entitled to recover in this action, and assesses the damages of the plaintiff at the sum of two dollars, with costs of suit to be taxed."

The defendant insists that he is still the owner of the soil over which the easement exists; that as such he is entitled to the herbage growing thereon, and to use the land for raising crops, or for pasturage, subject only to plaintiff's right of way over it; and the defendant cannot be excluded from it by the construction of a fence on the line of the way.

"Action in one form or another," says counsel for defendant, "by the owner of the dominant estate, to restrain the owner of the servient estate from destroying his right of way, by placing gates and fences across it, depositing substances in it, building buildings upon it, cutting it up, and rendering it impassable by drawing heavy loads over it, and the like, are common in the books. But this and the case of *Brill v. Brill,* 108 N. Y. 511 [15 N. E. Rep. 538], are the only cases we have found where the owner of the right of way attempted by suit to increase the burden upon the fee."

While this is true, is it not because the right to an inclosed way is generally conceded? It cannot be denied that as a rule public highways, private rights of way, and ways or lanes maintained upon agricultural lands for the convenience of private owners, are in fact inclosed. This is not a case where the owner of the dominant estate seeks to compel the owner of the servient estate to maintain a fence, for here the owner of the dominant estate seeks only to establish her right to inclose the way to protect herself in its enjoyment. It is well known that private roads are invariably inclosed, and no case can be found in the books where the right to inclose a statutory private road has been assailed. In several of the adjudicated cases the existence of boundary line fences appears. Whether inclosed by the owner of the fee or the owner of the way we are not advised, but the fact of inclosure remains. When a right of way exists by virtue of a license or grant, the incidents of that right are determined by reference to such grant or license, and, when that is uncertain or ambiguous, the circumstances surrounding the grant or license and the situation of the parties must be inquired into with a view of arriving at the intention of the parties. When acquired by prescription, it is largely a question of the nature of the prior use. The right here insisted upon is not one acquired by grant, license, or prescription. It is one acquired and paid for under the statute. It is not simply a right of way over defendant's land, nor a right of ingress or egress merely. It is a statutory private road, 24 feet in width, all or any part of which may be used by plaintiff for any and all purposes for which any highway may be used. It may be planked, paved, macadamized, or graveled by plaintiff for its entire width. The statute contemplates not only a record of the description and laying out,

85 MICH—21.

but an actual opening of the road, involving the taking down of cross-fences, excluding the presumption that the possession was to remain in the owner of the fee.

It appears from the adjudications:

1. That the conveyance of a right of way gives to the grantee not only a right to an unobstructed passage at all times over defendant's land, but also such rights as are incident or necessary to the enjoyment of such right of passage. *Maxwell v. McAtee*, 9 B. Mon. 21; *Bliss v. Greeley*, 45 N. Y. 671; *Herman v. Roberts*, 119 Id. 37 (23 N. E. Rep. 442).

2. The owner of the way, where its limits are defined, has not only the right of a free passage over the traveled part, but also to a free passage on such portions of the way as he thinks proper or necessary. *Herman v. Roberts, supra.*

3. The owner of the fee subject to an easement may rightfully use the land for any purpose not inconsistent with the rights of the owner of the easement. *Railway Co. v. Telford* (Tenn.), 14 S. W. Rep. 776; *Herman v. Roberts, supra;* Cooley, Const. Lim. 558.

4. The rights of the owner of the easement are paramount, to the extent of the grant, to those of the owner of the soil. *Herman v. Roberts, supra; Railway Co. v. Telford, supra; Railway Co. v. Allen*, 22 Kan. 285.

5. The owner of the soil is under no obligation to repair the way, as that duty belongs to the party for whose benefit it is constructed. *Herman v. Roberts, supra.*

6. What may be considered a proper and reasonable use by the owner of the fee, as distinguished from an unreasonable and improper use, as well as what may be necessary to plaintiff's beneficial use and enjoyment, are questions of fact to be determined by the trial court or

jury.  *Bakeman v. Talbot*, 31 N. Y. 366; *Huson v. Young*, 4 Lans. 64; *Prentice v. Geiger*, 74 N. Y. 341; *Herman v. Roberts, supra; Railway Co. v. Allen, supra.*

In *Herman v. Roberts*, 119 N. Y. 43, decided in 1890, the court say:

"It cannot be assumed, in the absence of any provisions looking thereto in the grant, that the grantor intended to reserve any use of the land which should limit or disturb the full and unrestricted enjoyment of the easement granted. The purpose contemplated by the grant was the creation of an easement for the plaintiff's use, and not the reservation to the owner of the use of his land. Every use by the owner was abandoned, except such as might be made in a mode entirely consistent with the full and undisturbed enjoyment by the grantee of the easement. The idea of a joint use of the land by both parties, in the sense that a use by the grantee should at any time give way to a use by the grantor, is contrary to the plain meaning and intent of the grant."

The use of the land, say the court, for agricultural purposes, is clearly inconsistent with the rights acquired by plaintiff.

In *Bakeman v. Talbot*, 31 N. Y. 366, the lands of defendant, divided into several lots, lay between two parcels of land owned by plaintiff, one of which was a wood-lot. Defendant had constructed a fence on the lines of his several lots, but had provided a set of bars at each point crossed by the right of way. The right of way rested in a decree of partition, which gave to the plaintiff the right of way to enable him to pass to and from his wood-lot, for the purpose of obtaining wood; and it was held that nothing passed as an incident to such grant but what was requisite to its fair enjoyment; that the present arrangements were suitable and sufficient under existing circumstances; that, if the passage was made as convenient as the mode of access which a farmer usually provides for himself to get to and from his wood-land, it

was sufficient; that after the circumstances have changed, and the question shall then arise as to what shall then be proper, it may be then determined that an open way may be necessary.

In *Brill v. Brill,* 108 N. Y. 511, defendant sold to plaintiff, and reserved the right of free ingress and egress across the premises conveyed, and plaintiff complained because defendant left the gates open, and defendant complained because plaintiff refused to maintain fences along the road. Although the court say that the owner of the soil has the right to have the way fenced or unfenced at his pleasure, yet the question there was whether plaintiff could be compelled to maintain a fence, and the court held that he was not obliged to maintain a fence; that an inclosed way was not an actual or direct necessity to the full enjoyment of the privilege reserved. The court in that case found that the necessity for the fence did not exist. The right was one of ingress and egress merely, over an open way, which had been used before the land had been divided. No specific number of feet was set apart. Fences, under such circumstances, would increase the burden by actually taking the additional land necessary for a fence each side of the way. The right of way in that case was through the farm, separating it into two parcels, in which case fences would necessarily seriously inconvenience the owner of the fee. The court say:

"The plaintiff's lands were thus made servient to the convenience and pleasure of the owners of the other parcel of land to the *expressed extent,* and no further. * * * No case has been found *which imposes a duty upon the owner of lands* so burdened *to do any positive act,* as, in this instance, erect or maintain a fence for the benefit of the owner of the dominant estate. * * * The plaintiff was no more bound to define by fences the course they should take than he was to prepare the surface of the way for their safe travel."

As we have already said, plaintiff does not seek to impose the duty of any positive act upon defendant. She seeks simply to be allowed, at her own expense, to make this way as convenient as the modes of passage which farmers usually provide for themselves upon their own premises. This is a road laid out and opened 24 feet wide. It is laid across one end of defendant's farm. Defendant owns no land beyond it. The fence is within the 24 feet. It is built, not for ornament, or to mark the line of the way merely, but for utility, because actually necessary. Applying the rules laid down by these adjudications, it seems clear to me that plaintiff is entitled to make use of this way for any and all purposes for which a road may be used; that defendant is under no obligation either to improve the bed of the way, or to protect its use; that plaintiff is entitled to do any act which may be necessary to promote its beneficial use, to the extent of inclosing the same; that the only limit to the servitude which she is entitled to impose upon the fee is what may be deemed necessary and essential to her enjoyment of the rights acquired; that the rights of defendant in this way are subject to plaintiff's necessities arising from the legitimate use of the road; that the necessity and reasonableness of the means made use of to adapt the road to her use are questions of fact, to be determined by the trial court; and that the findings of the trial court in that regard are conclusive upon us. The court below finds that the plaintiff has been accustomed daily to drive her cattle and horses through this private road, and that a fence along the same is an incident necessary to the reasonable enjoyment thereof.

The judgment is therefore affirmed, with costs to plaintiff.

The other Justices concurred.