## FITCH *v.* TAKLO.

1. Vendor and Purchaser—Land Contracts—Mental Condition—Consideration—Equity.

Finding of trial court that land contract for sale of 83-year-old vendor's 80-acre farm, worth $3,500, for $200 down payment and a like sum to be paid annually in addition to rendition of designated personal services during the lifetime of vendor, then so enfeebled by arteriosclerosis, high blood pressure and a bad heart condition as to affect her mental condition should be set aside as invalid in suit by subsequently appointed guardian and down payment ordered returned to purchaser, although 10-year lease of 11 acres of the farm, executed over 10 months previously was valid *held,* fully justified under record submitted.

2. Appeal and Error—Chancery Cases—De Novo Review.

The Supreme Court may not properly reverse the findings of a trial judge on the *de novo* review of an equity suit, where the trial judge had the opportunity of observing witnesses while testifying, unless under the proofs the Supreme Court would have reached an opposite conclusion.

---

References for Points in Headnotes
[1] 55 Am Jur, Vendor and Purchaser § 584.
[2] 3 Am Jur, Appeal and Error § 1184.

Appeal from Van Buren; Mosier (Carl D.), J. Submitted April 6, 1954. (Docket No. 15, Calendar No. 45,959.) Decided June 7, 1954.

Bill by Edwin M. Fitch, administrator, formerly guardian, of the estate of Anna Anderson, against Henry J. Taklo, to set aside land contract and lease. Cross bill for specific performance of contract. Decree for plaintiff except as to validity of lease. Defendant appeals. Affirmed.

*Lewis R. Williams*, for plaintiff.

*Jack H. Fisher*, for defendant.

BUTZEL, C. J. Edwin M. Fitch was appointed guardian of Anna Anderson, an incompetent person, on June 2, 1949, and on June 14, 1949, he filed a bill in equity to set aside 2 instruments: (a) A lease, executed by Mrs. Anderson with defendant Henry J. Taklo, as lessee, for approximately 11 acres of land, part of an 80-acre farm in the township of Geneva, county of Van Buren, Michigan, dated April 28, 1948, for a term of 10 years at a rental of $30 per year; and (b) a land contract executed by Mrs. Anderson on March 12, 1949, providing for the sale of her entire 80-acre farm for a consideration of $200 per year to be paid to her during her lifetime and upon her decease the entire farm to belong to Henry J. Taklo without any further payments; provided, however, that she was to retain the use of the house on the farm during her life. Taklo also was to make certain improvements to the house, furnish her with firewood, and to pay all taxes; he agreed also to furnish transportation for her to town (presumably South Haven, nearby) and to Grand Rapids, Michigan, when needed.

Following Mrs. Anderson's death on May 23, 1950, Fitch was appointed administrator of her estate and the suit was continued in the name of Edwin M. Fitch, administrator.   The defendant filed a cross bill seeking specific performance of the contract.

Mrs. Anderson's husband, a very aged man and a veteran of the Spanish-American War and of World War I, was institutionalized at a veterans' hospital. On March 12, 1949, the date of the land contract, Mrs. Anderson was a very sick woman.   She also suffered from very severe disabilities and infirmities that frequently accompany old age.   She was about 83 years of age and had only a short life expectancy according to the mortality tables.   She had moved from the farm to a hotel in South Haven as she no longer could properly care for herself.   Because of her illness and lameness she was often unable to leave the room at the hotel.   Prior to March 12, 1949, her business affairs had been handled by Mr. Fitch and apparently such fact was known to Taklo.   Fitch was not consulted in regard to the contract and did not learn of it until the defendant informed him that he had purchased the farm.   He discovered the contract in Mrs. Anderson's room several days after its execution.   The record shows that at the time of the execution of the contract decedent's mental condition was disturbed owing to her very serious physical infirmities.   She was suffering from arteriosclerosis, high blood pressure and a bad heart condition, all of which, as the testimony indicates, affected her mental condition.   Defendant Taklo evidently prepared the contract the previous December although it was not executed until the following March.   Taklo was accompanied by a notary when he went to Mrs. Anderson's hotel room where she signed the contract while in bed.   No other persons were present.

The sole question in this case is in regard to the decedent's mental condition at the time the contract was executed. A few days after the execution of the contract Mrs. Anderson was unable to remember that she had ever signed a contract. Doctors, who admittedly were not psychiatrists, testified as to her confused and feeble mental condition. Other parties including her nurse and lifelong friends who saw her corroborated this testimony. On March 27, 1949, she was taken to a hospital. On April 16, 1949, Mrs. Anderson was moved to the Michigan Soldiers Home at Grand Rapids, Michigan. It is true that one of the prerequisites for admission to the latter institution is that an applicant for admission must be of sound mind, but the extent of the examination as to her mental condition at that time was not shown. About 2-1/2 months after the execution of the contract, Mr. Fitch, presently administrator, was appointed guardian of Mrs. Anderson by the probate court of Van Buren county.

The trial judge who heard the testimony came to the conclusion that at the time of the execution of the contract Mrs. Anderson was not in such mental condition so as to be able to understandingly enter into the contract which on its face appears to be so inequitable. Evidence disclosed that the farm was reasonably valued at $3,500. The judge set the contract aside and ordered the return of the $200 down payment to defendant Taklo. He upheld the validity of the lease previously entered into. Plaintiff does not cross-appeal.

The record fully justifies the conclusion reached by the trial judge and we find no grounds for reversal. Although this case, being an equity case, is heard *de novo,* the trial court had the opportunity of observing witnesses while testifying. Consideration must be given to such fact and this Court may not properly reverse unless under the proofs we

would have reached an opposite conclusion. *Ruch* v. *First National Bank of Three Rivers*, 326 Mich 52.

The decree of the lower court is affirmed, with costs to plaintiff.

CARR, BUSHNELL, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.