ANDREWS v DONNELLY (AFTER REMAND)

Docket No. 178249. Submitted August 6, 1996, at Detroit. Decided November 22, 1996, at 9:15 A.M.

Connie Andrews, as personal representative of the estate of Marlo Andrews, brought a wrongful death action in the Wayne Circuit Court against John Donnelly and Gerald Jagoda, police officers who had transported the decedent to a hospital in their police vehicle rather than wait for an ambulance after the decedent was injured. The court, John R. Kirwan, J., entered a judgment for Jagoda following a jury verdict in Jagoda's favor, but declared a mistrial with respect to Donnelly after the jury could not agree on a verdict regarding Donnelly. On appeal by leave granted to Donnelly, the Court of Appeals, JANSEN, P.J., and MURPHY and MARILYN KELLY, JJ., in an unpublished opinion per curiam, issued June 23, 1993 (Docket No. 119599), held that Donnelly was not entitled to governmental immunity and remanded the case to the trial court. On remand, the trial court, Edward M. Thomas, J., ruled that the jury would be instructed about MCL 41.711a; MSA 5.160(1), which provides that a police officer engaged in emergency first aid who renders emergency care at the scene of an emergency is not liable for civil damages as a result of acts or omissions in rendering emergency care, except for acts or omissions constituting gross negligence or wilful and wanton misconduct. After the plaintiff acknowledged an inability to prove gross negligence, the trial court dismissed the action against Donnelly. The plaintiff appealed.

After remand, the Court of Appeals *held*:

1. Res judicata does not apply to bar Donnelly from obtaining a jury instruction about MCL 41.711a; MSA 5.160(1). Res judicata bars the relitigation of a claim where the same parties fully litigated a claim and a final judgment has resulted. Here, a final judgment between the plaintiff and Donnelly is absent, and the plaintiff has failed to cite authority supporting the proposition that a hung jury constitutes an adjudication of a claim on its merits or a final judgment.

2. The issue of Donnelly's immunity under MCL 41.711a; MSA 5.160(1) was not addressed in the prior appeal. The doctrine of law

of the case does not preclude Donnelly from raising the issue at retrial.

Affirmed.

JURY — DEADLOCKED JURIES — RES JUDICATA.

A mistrial declared in a civil action because of jury deadlock does not constitute an adjudication on the merits or a final judgment between the parties and therefore does not give rise to res judicata implications.

*Thurswell, Chayet & Weiner* (by *Tammy J. Reiss*), for the plaintiff.

*Phyllis A. James*, Corporation Counsel, and *Sharon D. Blackmon*, Senior Assistant Corporation Counsel, for the defendant.

### AFTER REMAND

Before: TAYLOR, P.J., and MARKEY and N. O. HOLOWKA,* JJ.

PER CURIAM. Plaintiff appeals as of right from an order dismissing her complaint. Defendant cross appeals from an order denying his motion for summary disposition. We affirm.

The relevant facts were set forth in this Court's prior opinion, *Andrews v Donnelly*, unpublished opinion per curiam of the Court of Appeals, issued June 23, 1993 (Docket No. 119599), as follows:

> Defendant is a police officer who transported nine-year-old Marlo Andrews to the hospital after he had been knocked down by a dog. Marlo had a congenital heart defect and had undergone heart surgery on two separate occasions, the most recent being six months earlier.
>
> Rita Johnson testified that Marlo had no pulse when she arrived at the scene. She performed cardiopulmonary resus-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

citation (CPR) on him for fifteen minutes. When defendant arrived, Marlo was breathing and had a pulse. She stated that she told defendant to continue CPR. Defendant put Marlo in the rear of his police vehicle. Defendant and Officer Gerald Jagoda transported the boy to the hospital; both officers sat in the front seat of the vehicle. Marlo died before his parents arrived at the hospital.

Defendant testified that, when he arrived at the scene, Marlo had no pulse. He did not see anyone administering CPR nor was he trained in CPR. He was told that Marlo was not breathing and needed to be taken to the hospital. He decided to transport the boy there himself after learning that an EMS unit had not been dispatched. He stated that he placed Marlo in the rear of his car and sat with him.

The jury, which returned a verdict in favor of Officer Jagoda who drove the police vehicle, was unable to reach a verdict regarding defendant. Defendant filed alternative motions for directed verdict, judgment notwithstanding the verdict or summary disposition. The trial judge denied them and declared a mistrial.

Defendant obtained leave to appeal to this Court. We held that defendant was not entitled to governmental immunity, pursuant to *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567, 633-634; 363 NW2d 641 (1984), and remanded the case to the trial court. On remand, the trial court dismissed plaintiff's complaint after the court agreed to give a jury instruction regarding gross negligence that defendant requested pursuant to MCL 41.711a; MSA 5.160(1)[1]

---

[1] MCL 41.711a; MSA 5.160(1) states:

Any municipal or private ambulance driver or attendant or policeman or fireman engaged in emergency first aid service, who, in good faith renders emergency care at the scene of an emergency, shall not be liable for any civil damages as a result of acts or omissions in rendering the emergency care, except acts or omissions constituting gross negligence or willful and wanton misconduct.

and plaintiff acknowledged that she could not prove gross negligence at trial. The trial court subsequently dismissed plaintiff's complaint against defendant with prejudice.

Plaintiff now argues that defendant was barred by res judicata from obtaining a gross negligence instruction on remand because defendant failed to raise the issue in his prior appeal to this Court. We disagree.

The doctrine of res judicata bars relitigation of a claim where the same parties fully litigated a claim and a final judgment has resulted. *Makowski v Towles*, 195 Mich App 106, 107; 489 NW2d 133 (1992). Application of the doctrine of res judicata requires that (1) the first action be decided on its merits, (2) the matter being litigated in the second case was or could have been resolved in the first case, and (3) both actions involved the same parties or their privies. *Id.; Eaton Co Bd of Rd Comm'rs v Schultz*, 205 Mich App 371, 375-376; 521 NW2d 847 (1994). Critically, plaintiff cannot successfully assert res judicata against defendant because plaintiff cannot establish that a final judgment was entered between these two parties. Plaintiff has cited no cases to support the proposition that a hung jury constitutes an "adjudication on the merits" or a final judgment. MCR 2.512(C)(4), which is applicable to civil actions, makes the viability of plaintiff's claim impossible because it states that the court may order a new jury trial of any action where "the jurors have deliberated until it appears that they cannot agree." Cf. MCR

6.420(C) (applicable to criminal cases).[2] This Michigan court rule is consistent with foreign case law. See e.g., *Turner v United States*, 474 A2d 1293, 1294 (DC, 1984) ("This court understandably note[s] that a hung jury determines nothing, and that from the verdict one could not conclude what the jury necessarily must have determined. Accordingly, collateral estoppel [or res judicata] could not apply."). Accord *Owens v Lucas*, 604 So 2d 389, 390-392 (Ala, 1992). Thus, plaintiff's res judicata argument is without merit.

We also are unpersuaded that simply because defendant filed an interlocutory appeal challenging the trial court's denial of his motions for a directed verdict, judgment notwithstanding the verdict, or summary disposition, which this Court rejected, defendant has lost rights that he would otherwise possess during retrial as a result of the first mistrial. Moreover, a review of defendant's original motion for summary disposition, the transcript of the oral argument on that motion, and his application for leave to appeal evidence that defendant did, in fact, argue that even if plaintiff's allegations were true, they did "not make out a claim for gross negligence or willful misconduct." In our decision on the interlocutory appeal, we focused on whether defendant's acts were discretionary or ministerial and did not specifically address defendant's additional defense that he was, in any event, immune under MCL 41.711a; MSA 5.160(1). Given that we did not decide whether defendant was immune under MCL 41.711a; MSA 5.160(1), plaintiff

---

[2] It is well recognized that a hung jury producing a mistrial in a criminal trial does not constitute an adjudication or final judgment and that a new jury trial may be held without violating the bar against double jeopardy. *People v Daniels*, 192 Mich App 658, 662-663; 482 NW2d 176 (1991).

cannot argue that our earlier decision is the law of the case with respect to the statute. *Thorin v Bloomfield Hills Bd of Ed*, 203 Mich App 692, 697; 513 NW2d 230 (1994). Because the prior appeal was an interlocutory appeal and not an appeal of right, there is no conflict here with the holding in *VanderWall v Midkiff*, 186 Mich App 191, 197-198; 463 NW2d 219 (1990). Indeed, because plaintiff is unable to satisfy either the first or second elements of res judicata or invoke the law of the case doctrine, we cannot preclude defendant from raising the statutory protections contained in MCL 41.711a; MSA 5.160(1) during the retrial. We therefore affirm the trial court's order dismissing plaintiff's complaint against defendant with prejudice.

Because of our ruling, it is unnecessary for us to address the issues defendant raised on cross appeal.

Affirmed.