*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RICHARD MORSE,

        Plaintiff/Counterdefendant-Appellee,

v

MARC COLITTI, also known as MARK COLITTI, and JOAN COLITTI,

        Defendants/Counterplaintiffs-
        Appellants,

and

BARRY COUNTY ZONING AND PLANNING, also known as BARRY CO ZONING AND PLANNING, and JAMES MCMANUS,

        Defendants.

UNPUBLISHED
July 29, 2021

No. 354720
Barry Circuit Court
LC No. 2013-000588-CH

Before: RONAYNE KRAUSE, P.J., and BECKERING and BOONSTRA, JJ.

PER CURIAM.

This property dispute between neighbors returns to this Court after being remanded to the trial court to resolve certain factual questions and to determine appropriate remedies. Defendants Marc and Joan Colitti[1] appeal by right from the trial court's judgment on remand after a bench trial. We affirm.

---

[1] We will use the term "defendants" to refer to the Colittis. The claims against Barry County Zoning and Planning and James McManus were dismissed with prejudice by stipulation before entry of the June 18, 2015 judgment.

# I. BACKGROUND

This Court previously set forth the following facts:

> Plaintiff and defendants own lots in the West Beach neighborhood bordering Fine Lake in Barry County. The 1928 West Beach plat dedicated the "streets, alleys and parks" to "the use of the present and future lot owners." The plat designates a park (the Park) as running along the lakeshore, separating Fine Lake from platted Lots 1 through 26 (the front lots). Additionally, a 10–foot–wide "walk" (the Walk) exists between Lot 5, which is owned by defendants, and Lot 6, which is owned by plaintiff. In 2009, defendants used landscaping blocks to create a pathway, including a retaining wall, on the Walk. They also built a stairway from the pathway to the lake. They subsequently erected a wooden fence on the Walk within inches of the lot line separating the Walk and plaintiff's Lot 6. Defendants also own the back-lot property at 3406 West Shore Drive, which lies to the west of the West Beach plat but includes a strip of the southern 16 feet of Lot 44 in the West Beach plat. After defendants rented out the property at 3406 West Shore Drive, they built a dock on Fine Lake that was in line with the Walk.
>
> Plaintiff filed suit in 2013, in part alleging and seeking monetary damages for trespass, nuisance, and the violation of the Barry County Zoning Ordinance (BCZO). Plaintiff additionally requested that the trial court (1) determine that he owned the fee to the center of the Walk, subject to an easement for ingress and egress; (2) determine that defendants had trespassed on his property and order defendants to remove all dirt, landscaping blocks, and fences from his portion of the Walk (and that, if defendants failed to do so and plaintiff removed the items, plaintiff would receive a judgment against defendants with damages trebled); (3) determine that defendants' erection of a dock at the end of the Walk violated the BCZO; (4) enjoin defendants from allowing their tenants at 3406 West Shore Drive to use the Walk to gain access to Fine Lake; and (5) grant plaintiff attorney fees and costs. Plaintiff later added a claim that, as an owner of land abutting the Walk, he had a reversionary interest in the fee of the Walk to its center, which would become a possessory interest if and when the Walk was vacated. [*Morse v Colitti* (*Morse I*), 317 Mich App 526, 531-533; 896 NW2d 15 (2016) (footnotes omitted).]

In resolving summary disposition motions and after a bench trial, the trial court determined that the Walk was not subject to any reversionary interest held by Plaintiff, that all lot owners were entitled to use the Walk, that several of plaintiff's claims were barred by the running of the limitations period, and that defendants' dock overburdened the easement; it also declined to order defendants to remove the fence or the landscaping blocks. *Id*. at 531, 533.

On appeal, this Court held that the trial court erred, albeit likely due to a misstatement than a truly mistaken ruling, that the public at large had a right to use the Walk, but the trial court had not improperly treated the Walk and the Park as a single property feature. *Id*. at 533-536. This Court found that plaintiff had standing to challenge defendants' dock, the trial court properly declined to order that defendants' tenants be precluded from using the Walk, the trial court properly found that defendants' constructions did not violate the BCZO, and the trial court had partially

erred in finding some of plaintiff's claims barred by the applicable statutes of limitations. *Id*. at 536-539, 547-555.

Relevant to this appeal, this Court summarized,

[t]he trial court erred by not determining that plaintiff owned a fee interest in the Walk to the centerline, by failing to determine the extent to which the fence and related structures encroached on plaintiff's property and to fashion an appropriate remedy, and by holding that the fence did not overburden the easement. Further, plaintiff's nuisance claim regarding the installation of gravel and landscaping blocks was not time-barred, nor was plaintiff's trespass claim (which we construe as a claim to quiet title) insofar as it sought injunctive relief. [*Id*. at 555.]

This Court held "that plaintiff and defendants each own a fee interest in one-half of the Walk, subject to the easement rights of lot owners generally," but the record did not permit a definitive determination of "to what extent the fence and related structures encroach onto plaintiff's portion of the Walk," so a remand was necessary to make that determination. *Id*. at 543-544. This Court went on to observe that "plaintiff and defendants each own a portion of the Walk while simultaneously possessing an easement right in the Walk," which entitled each of them to limited rights to repair and maintain the Walk and to make any use of their own half of the Walk that did not interfere with the other party's easement rights. *Id*. at 544-547. This Court opined that a fence might have some utility, but it expressed doubt that this particular fence was necessary to the effective use of the Walk in its current form and location; and when the entirety of the structures on the Walk were considered, those structures gave the impression that defendants had appropriated the walk. *Id*. This Court directed that on remand, the trial court should also "determine which portions [of the structures] erected on defendants' side of the midpoint of the Walk are valid uses of the property that do not conflict with the rights of the easement holders to use the Walk." *Id*. at 547.

On remand, plaintiff filed an amended complaint, generally alleging trespass and nuisance. Plaintiff sought an order requiring defendants to remove the pathway and stairway from plaintiff's half of the Walk, quieting title to his five feet of the Walk, removal of a retaining wall, and restoration of his half of the Walk to its previous grassy state. Defendants filed a countercomplaint, in which they alleged that plaintiff invaded and hampered their easement rights in the Walk and the Park when he built or installed a (different[2]) concrete retaining wall, a stamped concrete platform, and a shed. Defendants requested that plaintiff be ordered to remove these structures. Defendants also asserted the affirmative defenses of laches and unclean hands. Following a one-day bench trial, the trial court found that the fence and the brick retaining wall in the pathway encroached on plaintiff's fee interest in one-half of the Walk. It also found that the fence, brick retaining wall, and stairway overburdened the easement. The trial court ordered defendants to

---

[2] As will be discussed, there are several different "retaining walls" located partially or entirely within the Walk area. The retaining wall at issue in plaintiff's complaint is a brick retaining wall located uphill from the shoreline. The retaining wall at issue in defendants' countercomplaint is a concrete retaining wall located near the shoreline.

remove the fence, brick retaining wall, and stairway. However, the trial court declined to order the walk restored to a grassy state. The trial court also declined to order removal or modification of the structures, including plaintiff's concrete retaining wall, at the end of the walkway, finding that the parties had constructed those structures with mutual consent "when they were on better terms." The trial court's order has been stayed pending this appeal.[3]

## II. STANDARDS OF REVIEW

Following a bench trial, this Court reviews a trial court's conclusions of law de novo and its factual findings for clear error. *Walters v Snyder*, 239 Mich App 453, 456; 608 NW2d 97 (2000). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Id*. "What may be considered a proper and reasonable use by the owner of the fee, as distinguished from an unreasonable and improper use, as well as what may be necessary to plaintiff's beneficial use and enjoyment, are questions of fact to be determined by the trial court or jury." *Cantieny v Friebe*, 341 Mich 143, 146; 67 NW2d 102 (1954) (quotation marks and citation omitted). "When reviewing a grant of equitable relief, an appellate court will set aside a trial court's factual findings only if they are clearly erroneous, but whether equitable relief is proper under those facts is a question of law that an appellate court reviews de novo." *McDonald v Farm Bureau Ins Co*, 480 Mich 191, 197; 747 NW2d 811 (2008).

The scope of a trial court's powers and the application of the law of the case doctrine are both questions of law reviewed de novo by this Court. *Hill v City of Warren*, 276 Mich App 299, 305; 740 NW2d 706 (2007). As a general matter, trial courts have the plenary power to revisit issues they had previously decided so long as the proceedings are still pending in the trial court and are not pending on appeal. *Id*. at 307. However, any issues decided by an appellate court are binding on the trial court on remand and on this Court in a subsequent appeal, irrespective of whether the prior appellate decision was correct. *Id*. at 307-308. The law of the case doctrine will not apply if there is a material and substantial change in the facts or the law, and it does not apply to issues not actually decided by the appellate court. *Id*. at 308-309. Nevertheless, a trial court also generally does not abuse its discretion by declining to revisit a prior decision if no new facts or theories are presented to the court. *Charbeneau v Wayne Co Gen Hosp*, 158 Mich App 730, 733; 405 NW2d 151 (1987). The trial court must comply with any decisions or orders from this Court on remand. See *Pellegrino v AMPCO Sys Parking*, 486 Mich 330, 352-354; 785 NW2d 45 (2010); *IBM Corp v Dep't of Treasury*, 316 Mich App 346, 350-353; 891 NW2d 880 (2016).

## III. FEE INTEREST

Defendants first argue that plaintiff's "fee interest" in the Walk is not a present fee interest, but rather is merely a future contingent reversionary fee interest that will not come into effect unless or until the Walk is vacated. We disagree.

---

[3] *Morse v Colitti*, unpublished order of the Court of Appeals, entered March 18, 2021 (Docket No. 354720).

In *Morse I*, this Court clearly and repeatedly used the present tense to hold that plaintiff and defendants each have a present fee ownership interest in their respective halves of the Walk, subject to the easement. Furthermore, this Court's directive on remand to, in part, determine the extent to which the fence encroached on plaintiff's fee interest in one-half of the Walk would have made little sense unless this Court had determined that plaintiff had a present fee interest in his half of the Walk. We recognize that defendants have an absolute right to disagree with this Court, and they are in no way precluded from seeking to appeal this Court's determinations to our Supreme Court. However, as noted, the law of the case doctrine binds us to this Court's prior determinations, and it would bind us to those determinations even if we were persuaded that this Court erred.[4]

## IV. ENCROACHMENT

It is unambiguous from a survey referenced by the trial court that the fence, the majority of the brick retaining wall, and portions of the wooden stairs are on plaintiff's side of the Walk and therefore encroach upon plaintiff's fee interest. Defendants argue, however, that the trial court erred by failing to balance the parties' rights to put their own side of the easement to any use not inconsistent with the rights of other easement holders with their rights as easement holders to perform reasonable improvements to the easement. We disagree.

"The existence of an easement necessitates a thoughtful balancing of the [owner's] property rights and the [easement holder's] privilege to burden the [owner's] estate." *Blackhawk Dev Corp v Dexter*, 473 Mich 33, 41; 700 NW2d 364 (2005). The holder of an easement is entitled to any use of the easement reasonably necessary to effectively enjoy the easement, which may include making improvements to the servient estate, but any such improvements must be necessary and must not unreasonably burden the servient estate. *Id*. at 41-42. "[T]he owner of a fee, subject to an easement, may rightfully use the land for any purpose not inconsistent with the rights of the owner of the easement." *Cantieny*, 341 Mich at 147.

The trial court found that the fence was located entirely on plaintiff's side of the Walk, and there was apparently no factual disagreement that the fence precluded plaintiff from using the Walk without first going out onto the road. The trial court did not make any specific ruling about the necessity of the fence. However, this Court previously held that although *a* fence might be of some utility, *this* fence must be removed to the extent it encroaches onto plaintiff's fee interest. *Morse I*, 317 Mich App at 546-547. Consequently, the necessity of the fence was already determined by this Court. As discussed, the law of the case doctrine binds the trial court and us to that determination. The record, and in particular the survey upon which the trial court relied, shows that the trial court's factual finding was correct, so its order to remove the fence necessarily followed.

---

[4] Therefore, the trial court technically erred to the extent it stated that plaintiff's fee interest is not triggered unless or until the easement in the Walk is vacated, but the error was harmless because the trial court nevertheless complied with this Court's directives in *Morse I* and treated the parties' fee interests as extant rather than contingent.

This Court also held that each of the parties' fee interests was subject to the easement, which entitled each of them to perform limited repairs and maintenance to the Walk. This Court explicitly directed that a determination must be made on remand of the extent to which defendants' use of their own side of the Walk conflicted with the easement rights. The trial court properly recognized that defendants had a right to erect structures on their side of the Walk that did not extend to plaintiff's side of the walk. However, the trial court also properly recognized that the structures within the Walk could not be so neatly divided in half: leaving the fence aside, the brick retaining wall forced any traffic on the Walk onto the stairs, and a significant portion of those stairs extended into plaintiff's half of the Walk. The trial court concluded that the stairs and brick wall overburdened the easement. Importantly, the trial court also concluded that the stairs and brick retaining wall would overburden the easement even if they were only present on defendants' side of the Walk, because they made it more difficult for easement holders to do "whatever people would normally do going to and from the lake in a ten foot easement," such as carrying lawn chairs, umbrellas, coolers, and small watercraft like kayaks to and from the lake. We are unable to find clear error in the trial court's determinations.

## V. QUIET TITLE COUNTERCLAIMS

Next, defendants argue that the trial court erred when it failed to resolve their quiet-title counterclaims regarding certain structures plaintiff erected on his side of the Walk. We disagree.

Plaintiff installed a concrete retaining wall, a stamped concrete platform, and a shed on his side of the Walk at the shoreline end. The trial court acknowledged that those structures encroached partly into the Walk. However, the trial court opined that plaintiff's encroaching structures should not be considered in isolation from other structures that defendants had installed at the same end of the Walk that also partially encroached into the Walk. The trial court opined that both parties' structures had the effect of narrowing the Walk, which might make them jointly liable to other easement holders at some point in the future. However, it declined to order either party's structures at the end of the Walk removed,[5] because those structures had been constructed with "mutual consent." Defendants do not present any challenge to the trial court's reasoning, instead only incorrectly asserting that the trial court did not resolve the issues at all. Any argument regarding the trial court's treatment of the counterclaims has been abandoned. See *Peterson Novelties, Inc v Berkley*, 259 Mich App 1, 14; 672 NW2d 351 (2003). In any event, we find nothing improper about the trial court's reasoning in this respect.

## VI. EQUITABLE DEFENSES OR COUNTERCLAIMS

Defendants argue that the trial court erred when it failed to address their defense of laches. We disagree. Again, defendants contend that the trial court made no ruling, but in fact the trial court explicitly held that "the four-year time period in this case [between when defendants erected the pathway and stairway in 2009 and when plaintiff commenced suit in 2013] is not sufficient to invoke the doctrine of laches." Defendants do not present any particular argument on appeal in

---

[5] The trial court did not specifically address the shed. However, because the shed was located on the stamped concrete platform inside the concrete retaining wall, once the trial court determined that it would not order the platform and wall removed, it had no reason to address the shed.

support of the application of laches. See *Peterson Novelties*, 259 Mich App at 14. Furthermore, it is not immediately apparent from the record what "change in condition that would make it inequitable to enforce [plaintiff's claims]" occurred within that time period. See *Gallagher v Keefe*, 232 Mich App 363, 369; 591 NW2d 297 (1998). We are therefore unpersuaded that the trial court erred by ruling in plaintiff's favor as to defendants' laches argument.

Defendants also argue that the trial court erred when it failed to address their defense of unclean hands. We disagree. The trial court stated that the defense of unclean hands had previously been decided by a predecessor judge before the *Morse I* appeal, and any "elements of [the predecessor judge's] prior ruling that were not appealed are now the law in the case and no longer subject for our discussion or review." Nevertheless, despite the above statement, the trial court effectively did decide and rule on the unclean hands argument.[6] Defendants' unclean hands argument was largely based on plaintiff's installation of the retaining wall and stamped concrete platform. As discussed, the trial court found that those structures had been constructed with "mutual consent," and as also discussed, defendants do not raise any factual challenge to that finding. This finding effectively disposes of defendants' unclean hands claims.

Affirmed.

/s/ Amy Ronayne Krause
/s/ Jane M. Beckering
/s/ Mark T. Boonstra

---

[6] Strictly speaking, "law of the case" would not have been the applicable doctrine. Rather, the doctrine of res judicata might have precluded defendants from re-asserting their claims based on unclean hands if there had been any reason why they should have raised that issue in their prior *Morse I* appeal. See *Vanderwall v Midkiff*, 186 Mich App 191, 196-200; 463 NW2d 219 (1990). It is not apparent that defendants would have had any reason to assert unclean hands in that appeal, and nothing in *Vanderwall* appears to hold that parties are obligated to raise every conceivable alternative ground for affirmance, irrespective of whether doing so would be responsive to the arguments actually raised by the opposing party. Furthermore, the rule from *Vanderwall* does not apply to interlocutory appeals or where there has been no final judgment. *Andrews v Donnelly*, 220 Mich App 206, 209-210; 559 NW2d 68 (1996). Given the broad scope of possibilities permitted by this Court's prior remand, including explicitly permitting plaintiff to amend his complaint, it is not clear that it would be appropriate to apply the rule from *Vanderwall* in any event. Otherwise, as noted, to the extent this Court did not make any ruling touching upon the issue, so long as the matter remains pending, the trial court retains the plenary power to revisit its own prior decisions. *Hill*, 276 Mich App at 307-309. Because the trial court effectively did address this issue, however, we need not decide whether *Vanderwall* applies under the circumstances presented.