## MOSS *v.* STATE

### Opinion delivered June 4, 1898.

WEAPON—RIGHT TO CARRY ON HIGHWAY.—One who owns the fee in land
subject to a highway easement is not entitled to carry a pistol on such
highway, as upon his own premises. (Page 369.)

Appeal from Hot Spring Circuit Court

ALEXANDER M. DUFFIE, Judge.

STATEMENT BY THE COURT.

This appeal is from a conviction for carrying a pistol as a
weapon.

The evidence below showed that Enoch Moss, the husband
of appellant, owned forty acres of land in the county of Hot
Springs, Arkansas, upon which he and his wife, Lydia Moss, ap-
pellant herein, resided as their home.  Enoch Moss had two
dwelling houses on this land, one in which he lived himself; the
other, about 150 yards off, he had rented to a man by the name
of Rogers.  The public road ran across his homestead in front
of these houses.  The houses were on the south side of the
road.  There is no evidence as to how much land Enoch Moss
had rented to the man Rogers.  The evidence simply shows
that he had rented to him the house in which he lived and also
land to work.  On the 4th of September, 1897, the evidence
tends to show that appellant took a pistol, and went from her
house along the public road in front of the house' occupied by
Rogers, but did not go upon the premises rented by Rogers.
During the entire time she had the pistol she was on the land
owned by her husband.

The court instructed the jury as follows:  "(1)  While the
defendant has a right to carry a pistol as a weapon on her own
premises, that right would not give her the privilege to carry
such a pistol as a weapon along the public road up to and im-
mediately in front of a tenant's house.  You are instructed
that the premises of the husband are the premises of the wife."
Appellant excepted to this instruction, and asked the court to

give instruction No. 2, which is as follows: "(2) The jury are instructed by the court that if they believe from the evidence that the defendant had a pistol, and was in the public road, which road was on the forty-acre tract of land owned by defendant's husband, and upon which tract of land their dwelling house was situated, and that the defendant did not go upon the land of Robert Rogers, then the court instructs you that the premises of the husband are the premises of the wife, and if the defendant did not go off of said premises, then your verdict should be for the defendant." The court refused to give this instruction, and appellant excepted.

*E. H. Vance, Jr.*, for appellant.

The premises of the husband are the premises of the wife. 29 Ark. 280. It is no violation of the law to carry a pistol as a weapon upon one's own premises. Sand. & H. Dig., § 1498. Therefore carrying a pistol on a public road, situated on the premises where defendant lives, is no offense. 25 S. W. 627; 28 S. W. 199. When a person owns the land bounding a road on both sides, he is presumed to own the fee in the roadbed, and the road is an easement over his premises. 9 Am. & Eng. Enc. Law, 374, 375.

*E. B. Kinsworthy*, Attorney General, for appellee.

A landlord has no right to carry a pistol on the tenant's premises. 55 Ark. 186. This would also prohibit his carrying it on the road in front of the tenant's house, if one can be said to have the right to carry a pistol on the road in front of his own premises. In order to be protected, appellant must show that she was on her own premises. 49 Ark. 174. One has not a right to carry a pistol on the unimproved lands adjoining his farm. 56 Ark. 559.

WOOD, J., (after stating the facts). One who carries a pistol as a weapon upon a public highway is subject to the penalty denounced by section 1498, Sand. & H. Dig., although he is the owner of the freehold over which the highway runs. The easement which the public has in the highway is superior to any right which the owner of the fee has. He can do nothing, by virtue of his ownership in the fee in the soil, antago-

nistic to the right of the public to use the highway as such. The public is in possession of the highway, and has the right to pass to and fro upon it *ad libitum*. This right is to be enjoyed by the public without interruption or molestation in any manner from the owner of the freehold. Could it be said that any member of the public would have this right, if the owner of the freehold over which the public road ran could go upon the same carrying his pistol as a weapon? We think not. This would clearly give the owner of the soil the right to use the highway in a manner inconsistent with the right of the public to use it "with none to molest or make afraid." If this were the law, it would put it in the power of the owner of the soil to prevent the use of the highway to any one who might chance to be an enemy, except under perpetual menace and dread.

We are aware that the supreme courts of Texas and North Carolina hold the opposite, upon the theory that a public highway over a man's land, along side or in front of the premises of which he has possession, is his premises. We think these decisions overlook the fact that a public highway belongs to the public for the purposes of travel. They ignore the policy of these statutes, as police regulations to protect the public from acts of violence incident to the use of pistols as weapons. The policy of our law is to conserve the public peace. In what more important place can this be done than upon the public roads and streets, which are set apart to the public, and must be used by it? This court has already recognized the rule that, to constitute one's premises under this law, one must be in the actual possession and have control of or the management of the land which he so claims. *Lemons* v. *State*, 56 Ark. 559. This the owner of the freehold does not have where he has rented same (*Jones* v. *State*, 55 Ark. 186), or where it has been dedicated to the use of the public, and where his right to the use of it must be consistent with and subordinate to the public use. To construe the law as it is construed by the Texas and North Carolina courts, we submit, would defeat, in part, the very purpose which the legislature had in view.

We conclude that the appellant was not within the exception named in the statute as one on her own premises, and,

finding no error in the judgment of the court, the same is affirmed.

BATTLE, J., dissents.