PEOPLE *v.* CLARK

1. WEAPONS—CONCEALED WEAPONS—CRIMINAL LAW—STATUTES.

    Absolute invisibility is not indispensable to concealment of a weapon within the meaning of the penal statute prohibiting carrying a weapon concealed on or about a person; a weapon is concealed when it is not discernible by the ordinary observation of persons coming into contact with the carrier of the weapon and casually observing him (MCLA § 750.227).

2. WEAPONS—CONCEALED WEAPON—PISTOL—UNLOADED.

    The word "pistol" as used in the concealed weapons statute means any firearm of a certain kind, whether loaded or unloaded (MCLA §§ 750.222, 750.227).

3. WEAPONS—CONCEALED WEAPONS—STATUTES—EXCEPTIONS.

    The basic intent of the legislature in enacting the concealed weapons statute was that weapons should not be carried where they might be used to take lives, and this intent must be considered when construing the exceptions in the statute (MCLA § 750.227).

4. WEAPONS—CONCEALED WEAPONS—PLACE OF BUSINESS—EXCEPTION —STATUTES.

    An employee of an industrial corporation who has no possessory interest in the place of business may not benefit from the statutory exception allowing carrying a concealed pistol at his place of business.

5. WEAPONS—CONCEALED WEAPONS—EXCEPTION—BURDEN OF PROOF.

    The burden of establishing any exception to the concealed weapons statute is upon the defendant, but this does not shift the burden of proof for the violation (MCLA § 766.20).

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 56 Am Jur, Weapons and Firearms § 10.
[4] 56 Am Jur, Weapons and Firearms § 16.
[5] 56 Am Jur, Weapons and Firearms §§ 10, 11, 16.

Appeal from Wayne, Benjamin J. Burdick, J. Submitted Division 1 December 9, 1969, at Detroit. (Docket No. 7,454.) Decided February 6, 1970.

Herman Clark was convicted of carrying a concealed weapon. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*David W. Diskin,* for defendant on appeal.

Before: Lesinski, C. J., and Levin and Danhof, JJ.

Lesinski, C. J. Defendant Herman Clark was convicted after a jury trial of carrying a concealed weapon, MCLA § 750.227 (Stat Ann 1962 Rev § 28.424). Defendant brings this appeal as of right.

On November 18, 1968, defendant was arrested while on his job at the plant of an industrial corporation. At trial Patrolman Asper, one of the arresting officers, testified:

"As Patrolman Raymond advised Mr. Clark that he was under arrest, I noticed that Mr. Clark was standing with one hand upon a counter, the other one in his right—I guess you call it an 'overcoat pocket'—and I asked Mr. Clark what he had in his pocket, and he said, 'Nothing.' And as he said this, his pocket came open and I could see down between the inside of his pocket in his hand a white pearl, which looked like grips on a gun. And Patrolman Raymond and I both grabbed his arms, and I reached into his pocket and between his hand and

the object that I had seen in his pocket, and I pulled out a pistol."

The gun, which was unloaded, was confiscated. After being taken to the police department, a clip of bullets for the pistol was found in another pocket.

The concealed weapons statute, under which defendant was prosecuted, reads in pertinent part:

"[A]ny person who shall carry a pistol concealed on or about his person, or whether concealed or otherwise, in any vehicle operated or occupied by him, except in his dwelling house or place of business or on other land possessed by him, without a license to so carry said pistol as provided by law, shall be guilty of a felony, punishable by imprisonment in the state prison for not more than 5 years, or by fine of not more than 2,500 dollars."

Two issues are raised on appeal. First, whether the pistol was a "concealed weapon" within the meaning of the statute. Second, whether defendant is exempt from prosecution by the statutory provision allowing possession of a weapon in a "place of business."

Defendant argues that as the police officers could see the weapon before they searched him, it was not a "concealed weapon." It is also argued that since the pistol was unloaded, it could not be considered a dangerous weapon.

In *People* v. *Johnnie W. Jones* (1968), 12 Mich App 293, 295, this Court stated: "we do not think that the word 'concealed' as used in the statute means total concealment." And at p 296 the Court noted:

"The evident statutory purpose is reflected in the general rule applied in other jurisdictions that *absolute invisibility is not indispensable to concealment* of a weapon on or about the person of a defendant,

and that a weapon is concealed when it is not discernible by the ordinary observation of persons coming in contact with the person carrying it, casually observing him, as people do in the ordinary and usual associations of life." (Emphasis supplied.) (Citations omitted.)

In the instant case the officer could see the pistol only after defendant's pocket came open and the officer looked down, inside the pocket. The pistol in defendant's pocket was a concealed weapon. *People* v. *Johnnie W. Jones, supra.* See, also, *People* v. *Stirewalt* (1969), 16 Mich App 343.

The fact that the gun was unloaded is legally irrelevant. MCLA § 750.222 (Stat Ann 1962 Rev § 28.419), defines "pistol":

" 'Pistol' as used in this chapter means any firearm, *loaded or unloaded,* 30 inches or less in length, or any firearm, loaded or unloaded, which by its construction and appearance conceals it as a firearm." (Emphasis supplied.)

Moreover, in *People* v. *Williamson* (1918), 200 Mich 342, defendant was arrested for carrying a concealed gun which was unloaded and for which defendant had no cartridges in his possession. The Court stated at p 349: "The authorities are agreed that a revolver or pistol need not be loaded to come within the statute."

Defendant argues that he was arrested at his place of employment and that he, therefore, falls within the statutory exception for those in their "place of business." We disagree.

It is hornbook law that statutes must be read so as to facilitate the intent of the legislature. *People* v. *Bailey* (1968), 10 Mich App 636. "The purpose of the concealed weapons statute was to prevent men in sudden quarrel * * * from drawing concealed

weapons and using them without prior notice to their victims that they were armed." *People* v. *Jones, supra,* at p 295. And in *People* v. *Bailey, supra,* beginning at p 639, we stated: "the basic intent of the legislature as indicated in the concealed weapons statute was that weapons should not be carried where they might be used to take lives."

It is within the light of this legislative intent that we read the statutory exemptions for "his dwelling house or place of business or other lands possessed by him." The purpose of the exemptions was to allow persons to defend those areas in which they have a possessory interest. This is the clear import of the prhase "possessed by him" which modifies the three areas set forth in the statute. *United States* v. *Waters* (D DC, 1947), 73 F Supp 72.

The defendant was employed by the Dana Corporation at the time of his arrest. The nature of his employment does not appear in the record; there is nothing to show that he had the requisite possessory interest to bring him within the statutory exception. MCLA § 776.20 (Stat Ann 1969 Cum Supp § 28.1274 [1]), provides:

"In any prosecution for the violation of any acts of the state relative to use, licensing and possession of pistols or firearms, *the burden of establishing any exception,* excuse, proviso or exemption *contained in any such act shall be upon the defendant* but this does not shift the burden of proof for the violation." (Emphasis supplied.)

In examining the record we find no miscarriage of justice.

Affirmed.

All concurred.