PEOPLE v JOHN ALEXANDER

CRIMINAL LAW—CONCEALED WEAPONS—DWELLING HOUSES—PRISONS —STATUTES—EXCEPTIONS.

A prison inmate does not have a possessory interest in any area of the prison which he has a right to defend with a weapon; the dwelling house exception to the statute proscribing the carrying of concealed weapons does not apply to inmates in prisons (MCLA 750.227; MSA 28.424).

Appeal from Jackson, James G. Fleming, J. Submitted February 7, 1978, at Lansing. (Docket No. 77-1136.) Decided March 23, 1978.

John Alexander, Jr., was convicted, on his plea of guilty, of carrying a concealed weapon. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *John L. Wildeboer,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender Office (by *Daniel J. Wright),* for defendant on appeal.

Before: N. J. KAUFMAN, P. J., and D. E. HOLBROOK, Jr. and D. F. WALSH, JJ.

REFERENCES FOR POINTS IN HEADNOTE
79 Am Jur 2d, Weapons and Firearms §§ 18, 24–28.
Offense of carrying concealed weapon as affected by manner of carrying or place of concealment. 43 ALR2d 492.
Scope and effect of exception, in statute forbidding carrying of weapons as to person on his own premises or at his place of business. 57 ALR3d 938.

PER CURIAM. Defendant, John Alexander, Jr., entered a plea of guilty to the charge of carrying a concealed weapon. MCLA 750.227; MSA 28.424. At the time of the offense defendant was an inmate at the Jackson State Prison.

At the plea taking proceeding the prosecutor informed the court that, if the plea of guilty were accepted, no habitual criminal proceedings would be instituted against the defendant. Defendant now argues that his plea was involuntary because the prosecutor threatened to charge him as an habitual offender if he exercised his right to trial and was convicted.

We have carefully reviewed the record. It contains no evidence whatsoever that the prosecutor ever made such a threat. Even if the prosecutor had no intention of supplementing the defendant, it would be prudent, from the defendant's point of view, to have the prosecutor make a statement to that effect on the record before a plea of guilty was offered. There is nothing in the record which persuades us that anything other than that occurred in this case. We find no error.

Next the defendant contends that he could not be convicted of carrying a concealed weapon because Jackson State Prison where the incident occurred was "his dwelling house". We disagree.

The concealed weapons statute, MCLA 750.227; MSA 28.424, provides:

"Sec. 227. Any person who shall carry a * * * dangerous weapon * * * concealed on or about his person * * * *except in his dwelling house or place of business or on other land possessed by him* * * * shall be guilty of a felony * * * ." (Emphasis added.)

In *People v Clark,* 21 Mich App 712, 716; 176

NW2d 427 (1970), this Court discussed the purpose of the "dwelling house" exception.

> "The purpose of the exemptions was to allow persons to defend those areas in which they have a possessory interest. This is the clear import of the phrase 'possessed by him' which modifies the three areas set forth in the statute."

A prison inmate does not have, in any area of the prison, a possessory interest which he has a right to defend with a weapon. Accordingly, we hold that the "dwelling house" exception to the concealed weapons statute does not apply under the circumstances of this case. The defendant was properly convicted on his plea of guilty. His conviction is affirmed.