PEOPLE V BROOKS

Docket No. 78-739. Submitted October 17, 1978, at Detroit.—Decided December 5, 1978. Leave to appeal applied for.

Van Luster Brooks was arrested and charged with carrying a pistol in a motor vehicle. He was bound over for trial in Recorder's Court of Detroit, James T. Kallman, J. A motion to quash the information was granted by Donald L. Hobson, J. The people appeal by leave granted. The question on appeal is whether or not the trial court erred in holding that the defendant's taxicab was a place of business within the meaning of the concealed weapons statute, and therefore excepted from the coverage of the statute. *Held:*

A taxicab is not a place of business within the meaning of the concealed weapons statute.

Reversed and remanded.

BEASLEY, J., dissented. He would hold that for purposes of the concealed weapons statute a validly licensed taxicab is a place of business.

OPINION OF THE COURT

1. WEAPONS—CONCEALED WEAPONS—CRIMINAL LIABILITY—STATUTES—STATUTORY EXCEPTIONS—PLACE OF BUSINESS—TAXICABS.

The concealed weapons statute provides that a person may carry a concealed weapon in his dwelling house or place of business or on other land possessed by him; the place of business referred to is land; therefore, where a licensed taxicab operator was carrying a pistol in his cab at the time of his arrest, he is guilty of a criminal offense, because a taxicab is not a place of business within the meaning of the statute (MCL 750.227; MSA 28.424).

DISSENT BY BEASLEY, J.

2. WEAPONS—CONCEALED WEAPONS—PLACE OF BUSINESS—TAXICABS—CRIMINAL LIABILITY—EXEMPTIONS.

*A validly licensed taxicab is a place of business for purposes of the concealed weapons statute; therefore, a licensed taxicab*

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 79 Am Jur 2d, Weapons and Firearms §§ 18, 26.

*operator is exempt from criminal liability under the statute if arrested while he is carrying a pistol in his cab.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *E. Gail Willhardt,* Assistant Prosecuting Attorney, for the people.

*Ashford, Cannon & Lumumba,* for defendant.

Before: Beasley, P.J., and R. B. Burns and J. H. Vander Wal,* JJ.

J. H. Vander Wal, J. The defendant was arrested on July 4, 1977, and charged with carrying a pistol in a motor vehicle in violation of MCL 750.227; MSA 28.424. At a preliminary examination before visiting Recorder's Court Judge James T. Kallman on July 13, 1977, the defendant was bound over for trial. A motion to quash the information was filed on September 19, 1977. At a hearing on the motion before Recorder's Court Judge Donald L. Hobson on September 27, 1977, the motion was granted and the case was dismissed. The prosecutor was granted leave to appeal by an order of this Court dated April 7, 1978.

Both parties agree that the defendant, a licensed taxicab operator, was carrying a pistol in his taxicab at the time of his arrest on July 4, 1977. The only question on appeal is whether or not the trial court erred in holding that the defendant's taxicab was a place of business within the meaning of the concealed weapons statute, and therefore excepted from the coverage of the statute.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

MCL 750.227; MSA 28.424 provides in part (emphasis added):

" * * * a person who shall carry a pistol concealed on or about his person, or, whether concealed or otherwise, in a vehicle operated or occupied by him, *except in his dwelling house or place of business or on other land possessed by him,* without a license to carry the pistol as provided by law or if licensed, carrying in a place or manner inconsistent with any restrictions upon such license, shall be guilty of a felony, punishable by imprisonment in the state prison for not more than 5 years, or by fine of not more than $2,500.00."

In *People v Bailey,* 10 Mich App 636, 639–640; 160 NW2d 380 (1968), we stated: " * * * The basic intent of the legislature * * * was that weapons should not be carried where they might be used to take lives." Accord, *People v Johnnie W Jones,* 12 Mich App 293, 295–296; 162 NW2d 847 (1968), *lv den,* 383 Mich 771 (1969).

And in *People v Clark,* 21 Mich App 712, 716; 176 NW2d 427 (1970), after reviewing the general intent of the statute, we concluded:

" * * * The purpose of the exemptions was to allow persons to defend those areas in which they have a possessory interest. This is the clear import of the phrase 'possessed by him' which modifies the three areas set forth in the statute."

It is important to note that we read the three exceptions together to determine their meaning and scope. See also, *People v Gatt,* 77 Mich App 310; 258 NW2d 212 (1977), *lv den,* 402 Mich 837 (1977).

With these Michigan cases and principles as a backdrop, we turn to *United States v Waters,* 73 F Supp 72 (D DC, 1947), *cause certified,* 175 F2d 340

(1948), *app dis,* 335 US 869; 69 S Ct 168; 93 L Ed 413 (1948). In *Waters,* the Federal district court applied a statute which prohibited the carrying of a pistol without a license "except in his dwelling house or place of business or on other land possessed by him" to the carrying of a pistol in a taxicab. The defendant claimed the taxi was his place of business, but the Court concluded:

" * * * The words 'other land possessed by him' which immediately follow the words 'place of business' compel the view that the place of business referred to is land. Any interpretation to the contrary would give to the word 'other' as applied to the word 'land' no significance whatever. Defendant's taxicab, therefore, was not a 'place of business' as the term is used in the statute." *Waters, supra,* 73.

We agree with the reasoning in *Waters;* defendant's taxicab is not a place of business as the term is used in the statute. Consequently, the trial court erred in quashing the information.

Reversed and remanded.

R. B. Burns, J., concurred.

Beasley, P.J. *(dissenting).* I respectfully dissent.

I do not find the interpretation placed on a somewhat similar statute in 1948 by the Federal district court for the District of Columbia either persuasive or binding.[1]

The statute excepts three categories:

" * * * in his dwelling house or place of business or on other land possessed by him."[2]

---

[1] *United States v Waters,* 73 F Supp 72 (D DC, 1947), *cause certified,* 175 F2d 340 (1948), *app dis,* 335 US 869; 69 S Ct 168; 93 L Ed 413 (1948).

[2] MCL 750.227; MSA 28.424.

Granted that the language is somewhat ambiguous and that drawing the parameters of the exceptions is difficult, I would find that for purposes of the concealed weapons statute a validly licensed taxicab is a place of business.[3]

Therefore, I would affirm.

---

[3] *People v Gatt,* 77 Mich App 310; 258 NW2d 212 (1977), *lv den,* 402 Mich 837 (1977).