PEOPLE v WALLIN

Docket No. 92751. Submitted October 4, 1988, at Grand Rapids.
Decided November 8, 1988. Leave to appeal applied for.

David Wallin was convicted of carrying a concealed weapon
following a jury trial in Mason Circuit Court, Richard I.
Cooper, J. At the preliminary examination, defendant moved to
suppress admission of the gun found in his van. Police officers
observed defendant sitting in the driver's seat of his van which
was parked after hours in a used car lot in which there had
been reports of recent thefts. As an officer was questioning
defendant, the officer observed from his position outside the
van something under the driver's seat of the van and observed
defendant repeatedly attempting to reach down beside his seat.
The officer retrieved the object, which turned out to be a rag-
wrapped box containing the firearm. The district court denied
the motion to suppress. At trial, defendant requested an in-
struction to the jury that he could not be convicted if the van
was found to be his place of business, as he had claimed it was.
The trial court refused to give the instruction. Defendant
appealed.

The Court of Appeals *held:*

1. The district court did not err in finding that the firearm
was found as a result of a proper "stop and frisk" search to
insure the safety of the officer.

2. The place of business exception was not intended to apply
to a motor vehicle, even if the vehicle was the person's place of
business.

Affirmed.

1. SEARCHES AND SEIZURES — WEAPONS SEARCH — AUTOMOBILES —
   STOP AND FRISK.

A police officer may, in order to insure his own safety, properly

REFERENCES

Am Jur 2d, Searches and Seizures §§ 16, 23, 58.
Am Jur 2d, Weapons and Firearms §§ 12, 26 *et seq.*
Scope and effect of exception, in statute forbidding carrying of
   weapons, as to person on his own premises or at his place of
   business. 57 ALR3d 938.

reach under the front seat of a vehicle to ascertain the nature of an object visible from the outside of the vehicle, where the vehicle in question was found parked in a used car lot after hours in a high crime area and, as the officer questioned the driver of the vehicle, the driver attempted to reach down beside his seat; a firearm found in the rag-covered box recovered from beneath the seat under such circumstances may properly be admitted into evidence, since the discovery of the weapon was the result of a proper search necessitated by a legitimate concern for the personal safety of the officer.

2. WEAPONS — CONCEALED WEAPONS — STATUTORY EXCEPTIONS — PLACE OF BUSINESS — AUTOMOBILES.

The place of business exception in the concealed weapon statute was intended to refer only to places of business which are affixed to real estate and was not intended to refer to motor vehicles even if the vehicle is the individual's place of business (MCL 750.227; MSA 28.424).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Cris J. VanOosterum,* Prosecuting Attorney, and *J. Ronald Kaplansky,* Assistant Attorney General, for the people.

State Appellate Defender (by *Ronald J. Bretz*), for defendant on appeal.

Before: DANHOF, C.J., and HOOD and R. L. OLZARK,* JJ.

PER CURIAM. Defendant was convicted following a jury trial of carrying a concealed weapon, MCL 750.227; MSA 28.424, and was subsequently sentenced to one year's probation, with sixty days in jail, and assessed $1,610 in fines and costs. He appeals as of right, claiming that the weapon found in his van by the arresting officers should have been suppressed and that the trial court erred in denying his requested instruction on the "place of business" exception to carrying a concealed weapon. We affirm.

.* Circuit judge, sitting on the Court of Appeals by assignment.

At the preliminary examination, the district judge denied defendant's motion to suppress the gun found in his van. A trial court's decision on a motion to suppress evidence will be reversed only if the court abused its discretion or if its decision is clearly erroneous. *People v Tanis,* 153 Mich App 806, 808; 396 NW2d 544 (1986), lv den 426 Mich 877 (1986). A finding is clearly erroneous where, although there is evidence to support it, the reviewing court is firmly convinced that a mistake has been made. *People v Harris,* 164 Mich App 567, 571; 417 NW2d 502 (1987).

Plaintiff correctly asserts that defendant was properly "stopped and frisked." The stop-and-frisk exception to the warrant requirement allows seizure of objects found during a search necessitated by a legitimate concern for personal safety. The reasonableness of such a search depends on a balancing of the need to search against the intrusion the search entails. *Terry v Ohio,* 392 US 1, 21; 88 S Ct 1868; 20 L Ed 2d 889 (1968).

In this case, we find that the search of the van and the seizure of defendant's gun found under the driver's seat resulted from the officers' legitimate safety concerns. Defendant was found in a van parked after hours in a used car lot where there had been reports of recent thefts. Although one arresting officer indicated at the preliminary examination that at the time the gun was found the buildings in the area were deemed secure and defendant was not suspected of any criminal activity, the other officer, who actually reached for the gun, testified that he had not finished checking the buildings and suspected that there was a breaking and entering in progress. This officer testified that the rag wrapped around the gun was visible from his position outside of the van. When he asked defendant what the object was, defendant repeat-

edly attempted to reach down beside his seat. We believe that the arresting officer had probable cause to retrieve the rag-wrapped object and to open the box once he retrieved it from underneath defendant's seat, based upon his past experience and training as a police officer. Given the entire circumstances, there was no clear error in finding that the officers were justified in making a protective *Terry* search and in denying defendant's motion to suppress.

We also find no error in the trial court's denial of defendant's requested jury instruction. Defendant contended that, because he was in the business of delivering produce, his van was his "place of business" for purposes of the concealed weapons statute.

MCL 750.227; MSA 28.424 provides:

> [A] person who shall carry a pistol concealed on or about his person, or, whether concealed or otherwise, in a vehicle operated or occupied by him, except in his *dwelling house or place of business or on other land possessed by him,* without a license to so carry the pistol as provided by law . . . shall be guilty of a felony, punishable by imprisonment in the state prison for not more than 5 years, or by fine of not more than 2,500 dollars. [Emphasis added.]

This Court has held, contrary to plaintiff's position, that the words "other land" indicate the legislative intent to limit the place of business exception to business property on land. *People v Brooks,* 87 Mich App 515-518; 275 NW2d 26 (1978), lv den 406 Mich 946 (1979). To adopt defendant's reasoning would render the statutory prohibition inapplicable to any traveling business person who wishes to carry a concealed weapon. This was certainly not the legislative intent.

Affirmed.