Johnny LYONS, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 92–CV–72112–DT.

United States District Court, E.D. Michigan, S.D.

July 14, 1992.

Johnny Lyons, pro se.

Patrick Corbett, Asst. U.S. Atty., Detroit, Mich., for respondent.

ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

HACKETT, District Judge.

Petitioner Johnny Lyons, pursuant to 28 U.S.C. § 2255, filed a motion to vacate, set

aside, or correct his sentence which was based upon 18 U.S.C. § 924(e). Respondent filed a response. For the reasons stated in this order, petitioner's motion is denied.

## FACTUAL BACKGROUND

Lyons was arrested for carrying a concealed weapon on December 14, 1989. Based on a prior felony conviction on February 2, 1982, he was charged with and later convicted of unlawful firearm possession as a convicted felon in violation of 18 U.S.C. § 922(g)(1).[1] His sentence was enhanced pursuant to 18 U.S.C. § 924(e). It is this sentence that Lyons asks the court to vacate.

## DISCUSSION

In his motion, Lyons argues that his prior felony conviction could not serve as a predicate offense which caused him to be charged under 18 U.S.C. § 922(g)(1), and subjected him to the sentencing enhancement provisions of 18 U.S.C. § 924(e). 18 U.S.C. § 922(g)(1), makes it a federal offense for a person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year" to possess a firearm which has travelled in interstate commerce.

18 U.S.C. § 921(a), defines the operative phrase:

1. The Sixth Circuit Court of Appeals affirmed Lyons' conviction in *United States v. Johnny Lyons*, 940 F.2d 663 (6th Cir.1991) (unpublished opinion).

2. Lyons also contends that he was not properly convicted under 18 U.S.C. § 922(g)(1), because his right to "possess" a firearm was not restricted by Mich.Comp.Laws § 28.422. Rather, he argues that § 28.422 only restricted his right to obtain a license to "purchase, carry, or transport" a pistol. However, Michigan rules of statutory construction require courts, absent a specific definition, to construe statutes according to common and approved usage of the language. It is appropriate to utilize dictionary definitions to determine the meaning of language in a statute. *Fenton Area Public Schools v. Sorensen-Gross Construction Co.*, 124 Mich.App. 631, 639, 335 N.W.2d 221 (1983). The definition of "carry" shows that it has many meanings, including "to get possession or control of: ..." Webster's Ninth New Collegiate Dictionary, 210 (1985).

(20) The term "crime punishable by imprisonment for a term exceeding one year": does not include—

(A) any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices, or

(B) any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less.

What *constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held.* Any conviction which has been expunged, or set aside or for which a person has been pardoned or had his civil rights restored shall not be considered a conviction for purposes of this chapter, *unless such* pardon, expungement, or *restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms* (emphasis added).

Lyons contends that his civil rights were restored when he was released from incarceration for his February, 1982, conviction. As a result, he argues, his prior conviction falls under the exception provided for convictions for which there has been a restoration of civil rights.[2]

Further, in *Matter of Acquisition of Land by Detroit Edison Co. for a Corridor for its Saratoga–Jewell Transmission Line*, 137 Mich.App. 161, 357 N.W.2d 843 (1984), a Michigan appellate court held that rules of common sense apply in statutory construction, and that courts should avoid construction which leads to unreasonable or absurd results. In the instant case, the petitioner urges the court to construe § 28.422 of Michigan Compiled Laws to mean that he was prohibited from purchasing, carrying or transporting a pistol, but not restricted from "possessing" a pistol. This interpretation would allow him to possess a pistol without a license when Michigan law requires a license to purchase, carry, or transport a pistol, a highly unreasonable result. *See* Mich.Comp.Laws § 28.-422. Thus, applying Michigan rules of statutory construction, the court finds that the language limiting Lyons' right to "purchase, carry, or transport" a pistol necessarily included a limitation on his right to "possess" a pistol.

However, the exception has a caveat: it does not apply if the restoration of civil rights expressly prohibits that person from shipping, transporting, possessing, or receiving firearms. The specific question of whether a convicted felon's civil rights are restored upon release from incarceration under Michigan law has not been decided by the Sixth Circuit Court of Appeals.[3] Michigan law provides no statutory or constitutional definition of when restoration occurs. *See In re Culpepper*, 770 F.Supp. 366, 371 n. 8 (E.D.Mich.1991) (three-judge panel).

Michigan law, on the date of Lyons' arrest, explicitly limited a convicted felon's rights as to firearms for eight years after incarceration. It provided in pertinent part:

> A person shall not purchase, carry, or transport a pistol without first having obtained a license therefor as prescribed in this section.... A license shall not be granted under this section to any person unless the applicant meets all of the following:
>
> \* \* \* \* \* \*
>
> (c) Has not been convicted of a felony or has not been incarcerated as a result of a felony conviction in this state or elsewhere during the 8–year period immediately preceding the application.[4]

Mich.Comp.Laws § 28.422(1)(c) (1986).

██ It is not necessary to decide whether petitioner's civil rights were restored, because at the time of his arrest in 1989, petitioner Lyons was still restricted in his rights with respect to pistols.[5] The subject firearm meets the statutory definition of "pistol" under Michigan law.[6] Therefore, at the time of his arrest on December 14, 1989, petitioner's prior conviction was within the definition of a "crime punishable by imprisonment for a term exceeding one year" in 18 U.S.C. § 921(a)(20).

## CONCLUSION

Even if his civil rights were restored, Lyons' prior conviction was properly considered a predicate offense under 18 U.S.C. § 922(g)(1). Thus, the exception found in 18 U.S.C. § 921(a)(20) may not be asserted by Lyons to vacate the imposition of the sentencing enhancement provisions in 18 U.S.C. § 924(e). Accordingly,

IT IS ORDERED that petitioner's motion to vacate, set aside, or correct sentence hereby is DENIED.

---

**3.** However, in *United States v. Cassidy*, 899 F.2d 543 (6th Cir.1990), and *United States v. Breckenridge*, 899 F.2d 540 (6th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 119, 112 L.Ed.2d 88 (1990), the Court, in analyzing the restoration of rights under Ohio law and New Jersey law, respectively, supplies rules to determine whether post-conviction restoration of rights precludes the use of a felony as a § 922(g) predicate.

**4.** Michigan law was amended to remove the 8–year window for convicted felons, effective March 28, 1991. Mich.Comp.Laws Ann. § 28.-422(3)(c) (West Supp.1991). The amendment also changed the language in (c) to include language identical to that in 18 U.S.C. § 921(a)(20).

**5.** *See United States v. Merideth*, 961 F.2d 1579 (6th Cir.1992) (unpublished opinion). In *Merideth*, the defendant was held to be subject to prosecution under 18 U.S.C. § 922(g)(1) because he met the definition of "convicted of a crime punishable by imprisonment for a term exceeding one year" within the meaning of 18 U.S.C. § 921(a)(20) based upon the restrictions in Michigan Comp.Laws § 28.422.

**6.** *See* Mich.Comp.Laws Ann. § 28.421(a), (West Supp.1991).