PEOPLE v MARROW

Docket No. 162019. Submitted January 4, 1995, at Lansing. Decided
May 5, 1995, at 9:20 A.M. Leave to appeal sought.

Richard Marrow was convicted by a jury in the Genesee Circuit
Court, Judith A. Fullerton, J., of carrying a concealed weapon
and of being a fourth-offense habitual offender. The defendant
had been standing in an area between the public sidewalk and
the public street abutting a house he occupied when police
officers came to arrest him pursuant to an outstanding war-
rant. The defendant had fled, throwing into a bush a handgun
he had concealed on his person. The defendant appealed.

The Court of Appeals *held:*

1. The trial court did not err in refusing to instruct the jury
that the defendant was entitled to carry the concealed pistol on
property in which he had a possessory interest. MCL 750.227(2);
MSA 28.424(2) allows a person to conceal an otherwise lawful
pistol while on land possessed by the person. Here, however,
the defendant was not carrying the pistol lawfully because, as a
recently convicted felon, he could not obtain a license for the
pistol. MCL 28.422; MSA 28.92, at the time of the defendant's
offense, provided that a pistol license could not be issued to a
person who had been convicted of a felony during the eight-
year period immediately preceding an application for a license.

2. Any possessory right the defendant had in the house he
occupied did not extend to those areas over which the public
had an easement. Accordingly, the defendant cannot claim to
be exempt from MCL 750.227; MSA 28.424 on the basis that he
carried the pistol on land in which he had a possessory interest.

3. The defendant's conviction of carrying a concealed weapon
following his acquittal of parole violation charges based on the
same incident does not constitute a violation of his right
against double jeopardy. Parole revocation is not part of a
criminal prosecution. The defendant was not subjected to jeop-
ardy within the meaning of the Double Jeopardy Clause at the
parole proceedings.

4. The defendant was not denied a fair trial when the

REFERENCES

Am Jur 2d, Weapons and Firearms §§ 18, 24.
See ALR Index under Weapons and Firearms.

prosecution introduced evidence that the officers who came to arrest him were members of narcotics units inasmuch as the defense introduced evidence of marijuana use by the defendant.

5. The defendant was not denied a fair trial when the prosecution remarked during closing argument that the defendant had requested a jury instruction regarding a lesser included offense.

Affirmed.

1. WEAPONS — CARRYING CONCEALED PISTOLS — CONVICTED FELONS.

A person cannot claim to be exempt from the statute governing the carrying of a concealed pistol while on land possessed by the person where the person is a recently convicted felon and, because of that status, is ineligible for a permit to carry a pistol (MCL 750.272[2], 28.422; MSA 28.424[2], 28.92).

2. WEAPONS — CARRYING CONCEALED PISTOLS — PUBLIC EASEMENTS.

Exemption from the statute governing the carrying of a concealed pistol while a person is on land possessed by the person does not extend to those portions of land over which there is a public easement (MCL 750.272[2]; MSA 28.424[2]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Arthur A. Busch,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Dale A. DeGarmo,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow,* for the defendant.

Before: FITZGERALD, P.J., and MARILYN KELLY and G. N. BASHARA, JR.,* JJ.

G. N. BASHARA, JR., J. Defendant was convicted of carrying a concealed weapon, MCL 750.227; MSA 28.424, and of being an habitual offender, fourth offense, MCL 769.12; MSA 28.1084. He was sentenced to four to ten years' imprisonment and now appeals as of right. We affirm.

Police officers approached a house to arrest the

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

defendant on an outstanding misdemeanor bench warrant. As they arrived, defendant was standing outside in an area of the driveway between the public sidewalk and the public street. One defense witness said the defendant was standing on the curb by the street. As the police stopped, defendant removed a handgun from his belt and threw the gun under a bush as he fled up the driveway and into the backyard.

The property on which defendant was arrested was owned by his mother, although she resided elsewhere. Defendant's mother testified that the defendant had stayed periodically at the property where he was arrested while he assisted in remodeling that property for rental use. The mother also testified that the defendant generally lived with his grandmother on another street. The parties were prepared to stipulate that the defendant consistently used the grandmother's address as his official mailing address, but the stipulation was not read to the jury because of the court's ruling that the defendant was not entitled to the jury instruction he requested.

## I. POSSESSORY INTEREST EXCEPTION

Defendant first argues that the jury should have been instructed that a person is entitled to carry a concealed weapon on property in which he has a possessory interest consistent with MCL 750.227(2); MSA 28.424(2).[1] The trial court ruled that an unspecified federal law barred defendant, as a

---

[1] The statute states:

A person shall not carry a pistol concealed on or about his person, or, whether concealed or otherwise, in a vehicle operated or occupied by the person, *except in his or her dwelling house, place of business, or on other land possessed by the person,* without a license to carry the pistol as provided by law *and if licensed, shall not carry the pistol in a place or manner*

convicted felon, from carrying a firearm of any kind and that the federal law preempted state law.

Defendant argues that even if he were subject to federal prosecution for possessing a weapon, he is exempt from *state* prosecution because our statute "allow[s] persons to defend those areas in which they have a possessory interest." *People v Clark,* 21 Mich App 712, 716; 176 NW2d 427 (1970). Defendant has only addressed the scope of the state exception and has not challenged the trial court's finding that federal law preempts state law in this regard. The prosecutor's brief concedes that there appears to be no basis for the court's ruling on preemption, but urges that the decision should be affirmed on other grounds. We agree. We offer no opinion regarding the precise issue of federal preemption because the specific federal statute[2] has not been cited in the record. Instead, we reject the position defendant has argued on appeal and hold that the Legislature did not intend that a person such as this defendant be permitted to carry an unlicensed concealed weapon under these circumstances.

The prosecutor presented no proof to counter the defense witnesses' testimony that the defendant resided in the house while repairing it, and the trial court never reached the issue whether

---

*inconsistent with any restrictions upon such license.* [Emphasis added.]

Defendant sought the following instruction:

This law does not apply to a person who carries a pistol in his home, place of business, or on other land he possesses. The prosecutor has the burden of proving beyond a reasonable doubt that the defendant was carrying the pistol outside of his own home or place of business or off other land he possessed. [CJI2d 11.11.]

[2] The statute likely was 18 USC 922(g)(1), which prohibits any convicted felon from receiving a firearm or ammunition that has been shipped across state lines.

the defendant had a sufficient possessory interest. We need not reach that question (which may properly be a factual issue for the jury), though, because defendant was not entitled to the instruction as a matter of law even if he had a possessory interest in the property.

### A. CONVICTED FELON IN POSSESSION

The first circumstance that leads to our conclusion is defendant's status as a convicted felon (and current parolee). We find no persuasive evidence that the Legislature intended that recently released convicted felons should be able to carry concealed weapons so that they might defend property because Michigan law presumes that parolees and guns are per se a dangerous combination.

At the time of this offense, MCL 28.422; MSA 28.92 provided that "no person shall purchase, carry or transport a pistol without first having obtained a license therefor as prescribed herein." See 1986 PA 161, § 1. The statute further provided that "in no event shall such a license be issued to a person who has been convicted of a felony or confined therefor in this state or elsewhere during the 8-year period immediately preceding the date of such application [for license]." Id.[3]

When this section is read together with MCL 750.227; MSA 28.424, we believe the Legislature intended MCL 750.227; MSA 28.424 to allow a person to conceal an otherwise lawful firearm to defend his property. MCL 750.227; MSA 28.424, however, does not allow one to carry or possess a *prohibited* weapon.[4] The statute presumes that the

---

[3] 1992 PA 217, § 1, substantially rewrote the section and reduced the waiting period.

[4] The prohibition on purchasing, carrying, or transporting a pistol without a license has been interpreted to include a limitation on the

weapon is lawfully owned, and only addresses its concealment. It does not extend a right to conceal an illegally owned weapon, even in one's own dwelling house or business property.

By analogy, we do not think the Legislature would have intended to allow a shopkeeper to own a machine gun for use in defending the shop (machine guns are prohibited by MCL 750.224; MSA 28.421). The illegal possession is not saved by the fact that the machine gun is kept in the shopkeeper's store; the Legislature has chosen to prohibit that class of weapons without regard to where they are used. Similarly, the Legislature has chosen to prohibit pistol ownership by a particular class of persons—convicted felons—and the convicted felon's decision to keep the pistol on his residential or business property should not alter the outcome.

This Court's decision in *People v Gatt,* 77 Mich App 310; 258 NW2d 212 (1977), holding that the land need not be possessed for a *legal* purpose, does not alter our conclusion that the gun still must be legally owned. Here, the defendant presented no evidence that he was capable of lawfully possessing the pistol (and MCL 28.422; MSA 28.92 casts grave doubts on his ability to make such a showing). Therefore the question whether he might lawfully conceal it on land he possessed is never reached, and the instruction was properly declined.

B. SCOPE OF POSSESSORY INTEREST IN PROPERTY

More important to our conclusion is the second circumstance: defendant carried the concealed weapon on the public easement and public side-

right to "possess" a pistol. *Lyons v United States,* 794 F Supp 238, 239, n 2 (ED Mich, 1992).

walks. This again involves an issue of first impression in Michigan, but we hold that the Legislature did not intend the exceptions to extend to areas the defendant has no need or right to defend.

Other jurisdictions are split regarding the issue whether a defendant is exempt from prosecution when carrying a weapon on a public road or sidewalk that adjoins or divides his property. See anno: *Scope and effect of exception, in statute forbidding carrying of weapons, as to person on his own premises or at his place of business,* 57 ALR3d 938, § 5. Some courts have held that such a defendant is not on his own premises so as to be exempt from prosecution. The rationale is that

> [t]he easement which the public has in the highway is superior to any rights which the owner of the fee has. He can do nothing, by virtue of his ownership of the fee in the soil, antagonistic to the right of the public to use the highway as such. The public is in possession of the highway and has the right to pass to and fro upon it ad libitum. This right is to be enjoyed by the public without interruption or molestation in any manner from the owner of the freehold.
>
> * * *
>
> . . . [T]he policy of [the] law is to conserve the public peace. In what more important place can this to be done than upon the public roads and streets which are set apart to the public and must be used by it? [*Moss v Arkansas,* 65 Ark 368, 369-370; 45 SW 987 (1898).]

See also *Facion v State,* 290 So 2d 75 (Fla App, 1974) (the defendant had no right to carry concealed pistol on sidewalk outside his apartment); *Roy v State,* 552 SW2d 827, 829 (Tex Crim App, 1977), quoting *Lattimore v Texas,* 65 Tex Crim 490; 145 SW 588 (1912) (rejecting claim that person who operates business from a vehicle can

carry a weapon while driving because "the public roads, can in no proper sense be termed any man's place of business, since he has no right to an exclusive appropriation").

One jurisdiction gave a defendant the benefit of the exemption when he was found carrying a pistol on a road that ran over his father's land and divided the family property:

> The fact that a public road is laid off on a man's land does not deprive him of the freehold of the land covered by the road. His title continues in the soil, and the public acquire only an easement, that is, the right of passing and repassing along it. [*North Carolina v Hewell,* 90 NC 705, 706 (1884) (citations omitted).]

A third line of cases from Texas takes a middle approach, and allows a person to carry a weapon on public roadways or easements adjoining the person's property if the person possesses the weapon for otherwise lawful purposes. See *Johnson v State,* 269 SW2d 406 (Tex Crim App, 1954) (the defendant had right to carry pistol on public road connecting two parcels of land he owned as long as he did not have unlawful purpose); *Deuschle v State,* 109 Tex Crim 355; 4 SW2d 559 (1927) (the defendant's right to carry a pistol on a public road dividing her farm and pasture depended on her purpose for carrying the pistol; absent lawful reason for carrying the pistol, the conviction was upheld).[5] We decline to adopt this rule because it conflicts with the Legislature's desire to maintain the offense of carrying a con-

---

[5] These cases differ from the Texas cases cited *supra* because these cases involve public roads *adjacent* to property owned by the defendant. The cases discussed earlier involved claims that drivers could carry weapons in their business vehicles on *any* public road along their service routes.

cealed weapon as a general intent offense. See *People v Williamson,* 200 Mich 342; 166 NW 917 (1918); *People v Combs,* 160 Mich App 666; 408 NW2d 420 (1987); *People v Iacopelli,* 30 Mich App 105; 186 NW2d 38 (1971).

The basic legislative intent behind MCL 750.227; MSA 28.424 is that "weapons should not be carried where they might be used to take lives." *People v Bailey,* 10 Mich App 636, 639-640; 160 NW2d 380 (1968). Exceptions to the statute were intended "to allow persons to defend those areas in which they have a possessory interest." *Clark, supra* at 716.

With these intentions in mind, we believe the better rule is the one we stated first: the public has superior rights over public easements and even the owner of the land beneath that easement can do nothing antagonistic to the public's right. This rule is more consistent with the public policies underlying MCL 750.227; MSA 28.424 and its exceptions, as well as the public policy surrounding the laws of easements and dedications, see *Harvey v Crane,* 85 Mich 316, 322; 48 NW 582 (1891). Defendant had no need to defend that which all are free to use. Carrying a concealed weapon on the easement is inconsistent with the public's general enjoyment of the easement and, no matter what rights the defendant may have on the adjoining property, his use of the easement must be subservient to the public's use. *Id.*

Moreover, the exceptions to MCL 750.227; MSA 28.424 traditionally have been interpreted narrowly. For example, in *People v Alexander,* 82 Mich App 486; 266 NW2d 489 (1978), this Court rejected a state prison inmate's argument that the prison was his "dwelling house" and that he could therefore lawfully carry a concealed weapon. This Court concluded that a prisoner does not have a

possessory interest in *any* area of the prison that he would have a right to defend with a weapon. *Id.* at 488. In *People v Brooks,* 87 Mich App 515; 275 NW2d 26 (1978), this Court held that a produce vendor who worked out of his truck had no right to carry an unlicensed weapon in his vehicle because the "business exception" was intended to apply only to "land" used in the business. Similarly, in *People v Wallin,* 172 Mich App 748; 432 NW2d 427 (1988), this Court held that a taxi driver also was not allowed to carry an unlicensed weapon in his cab to defend his business. And in *Clark, supra,* this Court held that a person had no right to carry a concealed pistol at his employer's place of business.

We conclude that, even if the defendant had a sufficient possessory interest in his mother's property, any right he may have had to carry an unlicensed concealed weapon to defend that land did not extend to the public easement adjoining that land. The trial court therefore did not err in refusing to read defendant's requested instruction to the jury.

## II. DOUBLE JEOPARDY

Defendant next argues that his conviction violated the Double Jeopardy Clause, US Const, Am V,[6] because he had been found not guilty of parole violation on the same facts. Thus, we must determine whether an adjudication that a parolee has not violated his parole precludes a criminal prosecution for the same underlying facts.

The Double Jeopardy Clause (as applied to the states through the Fourteenth Amendment, *Ben-*

---

[6] The Fifth Amendment provides, in part: "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb."

*ton v Maryland,* 395 US 784; 89 S Ct 2056; 23 L Ed 2d 707 [1969]), consists of three separate protections. "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v Pearce,* 395 US 711, 717; 89 S Ct 2072; 23 L Ed 2d 656 (1969). Defendant's claim involves the first protection.

Parole revocation is not part of a criminal prosecution. *Morrissey v Brewer,* 408 US 471, 480; 92 S Ct 2593; 33 L Ed 2d 484 (1972). Defendant was therefore not subjected to "jeopardy" within the meaning of the constitutional provision. *People v Johnson,* 191 Mich App 222, 226; 477 NW2d 426 (1991) (acquittal in probation revocation proceedings does not bar criminal trial on underlying offense); *People v Bachman,* 50 Mich App 682; 213 NW2d 800 (1973) (forfeiture of a prisoner's "good time" for escape does not bar criminal trial for the escape). Defendant's subsequent trial for the same conduct therefore did not violate his right against double jeopardy.

### III. BAD ACTS EVIDENCE

Defendant argues that the prosecutor denied him a fair trial by improperly injecting "bad acts" evidence. The prosecutor had earlier elicited testimony that the arrest was conducted by members of a narcotics enforcement team, including federal narcotics officers, and that the gun was found when a "drug dog" indicated contraband in the bushes. Although the references initially did not link the defendant to any specific drug activity, later testimony elicited by the defense indicated that the defendant had been smoking a marijuana

cigarette shortly before his arrest. The defendant opened the door to the entire line of questioning when he inquired of prospective jurors during voir dire whether they would be affected by testimony that he was smoking marijuana. Reversal is not required. *People v Yarger,* 193 Mich App 532, 538-539; 485 NW2d 119 (1992).

Defendant, has preserved only one additional instance of alleged misconduct by the prosecutor: the prosecutor's reference during closing argument to the fact that the defendant had requested a jury instruction regarding a lesser included offense. Although that argument is regrettable, it is not of such magnitude that it denied defendant a fair trial. *People v Foster,* 175 Mich App 311; 437 NW2d 395 (1989).

Affirmed.