*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ALEXANDER REECE GEARY,

Defendant-Appellant.

FOR PUBLICATION
December 22, 2025
8:57 AM

No. 371889
Ottawa Circuit Court
LC No. 23-045920-FH

Before: M. J. KELLY, P.J., and REDFORD and FEENEY, JJ.

REDFORD, J.

Defendant, Alexander Reece Geary, appeals as of right his jury conviction of two counts of carrying a concealed weapon (CCW), MCL 750.227. The trial court sentenced defendant, as a third-offense habitual offender, MCL 769.11, to serve 30 to 120 months' imprisonment for each CCW count. We affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

This case arises from the discovery of multiple firearms in defendant's vehicle at a house that defendant was squatting in. On February 11, 2023, Luke Daniel Pearson, a construction worker, went to repair a handrail at a lakefront house in Park Township, Ottawa County. The house was still under construction and had not yet received a certificate of occupancy. When Pearson arrived, he found an unfamiliar car parked in the garage, along with signs that someone had been living in the house. Pearson knocked on the door that connected the garage to the house, and defendant answered. Defendant told Pearson that he was also at the house to do some work, but Pearson thought that defendant appeared suspicious. Pearson called the police and waited in his truck for the officers to arrive. Pearson's truck was parked in the driveway, which blocked defendant's car in the garage so that he could not leave.

Ottawa County Sheriff's Deputies Andrew Riley and Tristan Gerbers arrived in response to Pearson's call. They secured the house at gunpoint, ordered defendant to come out of the garage, then detained him in handcuffs. When they searched him, they found a set of new house keys. From defendant's conversations with the deputies, they learned that another possible suspect might be in the house. Other officers quickly arrived and surrounded the house to determine if someone

-1-

else was inside. In an interview from the back of a patrol car, defendant told an Ottawa County Sheriff's Detective that he was staying in the house with a man named David Kerr. A team of officers eventually cleared the house and found no evidence that another person had been there.

Deputy Riley searched defendant's car inside the garage. Through the front-passenger window, he saw two pistols on the passenger seat and a longer firearm leaned against the seat. Deputy Riley photographed the guns. Ultimately, a total of four firearms were found in the vehicle, two of which were loaded pistols with rounds in the chamber.

Defendant was convicted by jury trial of two counts of CCW. After sentencing, defendant moved for a new trial and an evidentiary hearing, arguing that he was denied effective assistance of counsel because defense counsel failed to request the jury instruction regarding exceptions to the CCW statute, M Crim JI 11.11. The trial court denied the motion after a hearing. Defendant now appeals.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues that defense counsel denied him his right to the effective assistance of counsel by failing to request instruction of M Crim JI 11.11. We disagree.

### A. STANDARD OF REVIEW

"Whether a defendant received ineffective assistance of trial counsel is a mixed question of fact and constitutional law." *People v Armstrong*, 490 Mich 281, 289; 806 NW2d 676 (2011). The trial court's factual findings are reviewed for clear error, and questions of constitutional law are reviewed de novo. *Id*. Questions of statutory interpretation are also reviewed de novo. *People v Mikulen*, 324 Mich App 14, 20; 919 NW2d 454 (2018). "The determination regarding whether a jury instruction is applicable to the facts of a case is reviewed for an abuse of discretion; however, questions of law relative to jury instructions are reviewed de novo." *Id*.

### B. ANALYSIS

Criminal defendants have a constitutional right to the effective assistance of counsel. *People v Yeager*, 511 Mich 478, 488; 999 NW2d 490 (2023). See also US Const, Am VI; Const 1963, art 1, § 20. "Effective assistance of counsel is presumed, and a defendant bears a heavy burden of proving otherwise." *People v Putman*, 309 Mich App 240, 248; 870 NW2d 593 (2015). To prove ineffective assistance of counsel, a defendant must show that "(1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). See also *Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984). "In examining whether defense counsel's performance fell below an objective standard of reasonableness, a defendant must overcome the strong presumption that counsel's performance was born from a sound trial strategy." *Trakhtenberg*, 493 Mich at 52. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001) (quotation marks and citation omitted).

Defense counsel is not ineffective for failing to request a jury instruction if there was insufficient evidence that the jury instruction would apply to the defendant's case. See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010) ("Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel."). See also *People v Mills*, 450 Mich 61, 81; 537 NW2d 909 (1995) ("A trial court is required to give a requested instruction, except where the theory is not supported by evidence."). However, "when a defendant requests a jury instruction on a theory or defense that *is* supported by the evidence, the trial court *must* give the instruction." *People v Riddle*, 467 Mich 116, 124; 649 NW2d 30 (2002) (emphasis added). Even if the defense counsel does not request a jury instruction that the trial court would have been required to grant, that decision may be a matter of sound trial strategy. See, e.g., *People v Dunigan*, 299 Mich App 579, 584; 831 NW2d 243 (2013).

In this case, defendant argues that he was entitled to a jury instruction on the possessory-interest exception to the CCW statute because the house that he was squatting in was his "dwelling house." Under defendant's interpretation of the law, the exception only requires physical possession, not lawful possession. We disagree.

The CCW statute states, in relevant part:

> A person shall not carry a pistol concealed on or about his or her person, or whether concealed or otherwise, in a vehicle operated or occupied by the person, *except in his or her dwelling house*, place of business, *or on other land possessed by the person*, without a license to carry the pistol as provided by law . . . . [MCL 750.227(2) (emphasis added).]

The trial court instructed the jury on the prima facie elements of CCW. However, defense counsel did not request, and the trial court did not provide, the following instruction regarding the exception for weapons carried in the home, place of business, or other land possessed by the defendant:

> This law does not apply to a person who carries a [pistol / knife / dagger / dirk / stiletto / dangerous stabbing weapon] in [his / her] home, place of business, or on other land [he / she] possesses. The prosecutor has the burden of proving beyond a reasonable doubt that the defendant was carrying the _____ outside of [his / her] own home or place of business or off other land [he / she] possessed. [M Crim JI 11.11.]

For this exception to apply, the defendant must have a "possessory interest" in the dwelling-house, place of business, or other land. *People v Marrow*, 210 Mich App 455, 463; 534 NW2d 153 (1995), overruled in part on other grounds by *People v Pasha*, 466 Mich 378; 645 NW2d 275 (2002). In *Marrow*, this Court examined the legislative intent behind the CCW statute and held that the exception did not apply to land that was subject to a public easement, even if the defendant owned the underlying property. *Id*. at 463-464. This Court explained as follows:

> The basic legislative intent behind [MCL 750.227] is that weapons should not be carried where they might be used to take lives. Exceptions to the statute

were intended to allow persons to defend those areas in which they have a possessory interest.

> With these intentions in mind, we believe . . . the public has superior rights over public easements and even the owner of the land beneath that easement can do nothing antagonistic to the public's right. This rule is more consistent with the public policies underlying [MCL 750.227] and its exceptions, as well as the public policy surrounding the laws of easements and dedications. Defendant had no need to defend that which all are free to use. [*Id*. at 463 (quotation marks and citation omitted).]

This Court further explained that "the exceptions to [MCL 750.227] traditionally have been interpreted narrowly." *Id*. For example, the possessory interest must be in land, not a vehicle on a public road. *Id*. at 464, citing *People v Brooks*, 87 Mich App 515; 275 NW2d 26 (1978). Additionally, "a prisoner does not have a possessory interest in *any* area of the prison that he would have a right to defend with a weapon." *Marrow*, 210 Mich App at 464, citing *People v Alexander*, 82 Mich App 486, 488; 266 NW2d 489 (1978). The exception also does not apply to weapons concealed in the defendant's employer's place of business. *Marrow*, 210 Mich App at 464, citing *People v Clark*, 21 Mich App 712, 715-716; 176 NW2d 427 (1970).

These "exceptions to the exception" share a common underlying principle: a person does not have a possessory interest in land if he has no right to exclude others from that land. See also *Black's Law Dictionary* (12th ed) (defining "possessory interest" as "[t]he present right to control property, *including the right to exclude others*, by a person who is not necessarily the owner") (emphasis added). A landowner has no right to exclude others from a public easement. A prisoner has no right to exclude prison staff from his cell. An employee has no right to exclude his employer from the workplace.

We hold, to qualify for the possessory-interest exception under MCL 750.227, the defendant must have a legal property interest in the land. Habitation alone is insufficient. In this case, defendant had no lawful possessory interest in the home at issue. Defendant stayed in the house without the homeowner's consent.[1]

Because the evidence does not support the theory that defendant carried the pistols on land that he possessed, the trial court would not have been required to instruct the jury on that CCW exception if defense counsel had requested it. See *Mills*, 450 Mich at 81. Accordingly, defense counsel's failure to request a jury instruction on the possessory-interest exception did not constitute ineffective assistance of counsel. See *Ericksen*, 288 Mich App at 201.

---

[1] The only other way we can conceive that defendant could have acquired a legal possessory interest in the house was by adverse possession. However, it takes 15 years to acquire an interest in land by adverse possession. *Marlette Auto Wash, LLC v Van Dyke SC Props, LLC*, 501 Mich 192, 202; 912 NW2d 161 (2018); *Lawson v Bishop*, 212 Mich 691, 698-699; 180 NW 596 (1920). See also MCL 600.5801(4). Defendant only recently began squatting in the house, so he could not have acquired any possessory interest in that time.

Further, defendant's theory of the case was that the prosecution had not met its burden of proof. Defense counsel focused on the argument that there was reasonable doubt whether defendant knowingly possessed the firearms. In his closing argument, defense counsel implied that Kerr could have been the one to place the firearms in the car. He asked the jury: "Where is David Kerr? He wasn't found. That doesn't mean he doesn't exist. It doesn't mean he wasn't there." A defense based on the possessory-interest exception would imply that defendant admitted that he knowingly possessed the firearms. Defense counsel may have decided not to request the jury instruction on the possessory-interest exception to emphasize that defendant did not commit the offense. Instructing the jury on an exception that was inconsistent with the primary defense theory could confuse the jury and weaken both defenses. Defense counsel's decision to avoid this confusion by not requesting the instruction was a matter of sound trial strategy. *Dunigan*, 299 Mich App at 584.

Even if defense counsel's performance was not reasonable, a court will only set aside the judgment if the defendant can show that counsel's deficient performance was prejudicial to his defense. See *Strickland*, 466 US at 692. Prejudice exists when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

As previously explained, the trial court would not have been required to grant the request because the evidence did not support a defense based on the possessory-interest exception. Even if the trial court decided to honor the request, the only evidence that defendant legally possessed the house was that he had a set of house keys, but a jury could infer that they were stolen. From the overwhelming circumstantial evidence, a jury could easily find that defendant possessed the guns outside of "[his] own home or place of business or off other land [he] possessed." M Crim JI 11.11. Therefore, the absence of this jury instruction did not prejudice the defense.

In conclusion, defendant was not denied effective assistance of counsel because defense counsel's decision not to request the jury instruction M Crim JI 11.11 was a matter of sound trial strategy that did not prejudice the defense.

Affirmed.

/s/ James Robert Redford
/s/ Michael J. Kelly
/s/ Kathleen A. Feeney

-5-